No. 58,294

KENNETH D. NEWELL, *Appellant*, v. CARL N. BROLLIER, *Appellee*.

(722 P.2d 528)

Opinion filed July 18, 1986.

*John R. Hamilton*, of Hamilton & Hannah, of Topeka, argued the cause and was on the brief for appellant.

*Michael L. Jones*, of Hershberger, Patterson, Jones & Roth, of Wichita, argued the cause, and *William R. Smith*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: In 1979, Kenneth D. Newell brought an action against defendant Carl N. Brollier and others seeking damages arising from certain real estate transactions occurring in 1977 and early 1978. The only service on Carl N. Brollier was on August 9, 1979, when a copy of the summons and petition was left at his office with his son James C. Brollier. On January 21, 1985, the action as to Carl N. Brollier was dismissed on the grounds of lack of personal service. This dismissal was affirmed in *Newell v. Krause*, 239 Kan. 550, 722 P.2d 530 (1986).

Subsequent to the dismissal of the original action against Carl Brollier, the plaintiff did, on March 12, 1985, file a new lawsuit against Carl asserting the same causes of action. On May 31,

1985, the district court dismissed the second action on the basis of the running of the statute of limitations. Plaintiff appeals therefrom.

Plaintiff contends K.S.A. 60-203(b) authorizes the filing of his new action against Carl Brollier and extends the statute of limitations for such new action. We do not agree.

K.S.A. 60-203, in its entirety, provides:

"**Commencement of action.** (a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

"(b) If service of process or first publication purports to have been made within the time specified by subsection (a)(1) but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced by the original filing of the petition if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff. ·

"(c) The filing of an entry of appearance shall have the same effect as service."

K.S.A. 60-203 is concerned exclusively with when a civil action is commenced. The exact date an action is "commenced" is often crucial in statute of limitations issues. Under section (a), a plaintiff may file an action on the last day of a two-year statute of limitations and still be within time as long as service of process is obtained within 90 days (or 120 days if extended by the court). If service is made later than the specified time period, the action is commenced on the date service is obtained.

Section (b) of the statute provides that if service purports to have been made within the period provided in (a) but is subsequently "*adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service*" the action shall be deemed commenced if valid service is obtained "*within 90 days after that adjudication*" (or 120 days if extended by the court).

K.S.A. 60-230, in essence, operates to relate service of process back to the date of the filing of the petition in determining when an action is commenced. Nowhere does K.S.A. 60-203 refer to the filing of a new action after a previous action has been dismissed as does K.S.A. 60-518, which states:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure."

Note, K.S.A. 60-518 is inapplicable herein as the original action was not "commenced within due time" by virtue of the lack of service on Carl Brollier.

K.S.A. 60-203(b) allows a plaintiff whose service on a defendant is adjudicated invalid to obtain proper service and still have his action deemed commenced as of the date of the filing of the petition if he obtains service within 90 days of the adjudication of invalidity (or 120 days if extended by the court). Plaintiff herein did not bring himself within K.S.A. 60-203(b) by seeking proper service in the original action—instead, he filed a new case. That new case (the one before us) was commenced on the date of its filing (March 12, 1985), as service was obtained within 90 days thereafter—well beyond the statute of limitations on any of the causes of action based on certain 1977 and 1978 real estate transactions.

We conclude the district court did not err in dismissing the case herein predicated upon the running of the statute of limitations.

The judgment is affirmed.