No. 60,602

JOYCE L. VOGELER, *Appellant*, v. GARRY D. OWEN, M.D., *Appellee*.

(763 P.2d 600)

Opinion

filed October 28, 1988.

*Mark A. Johnson*, of Fairway, argued the cause, and *Paul L. Redfearn*, of Redfearn & Brown, P.C., of Kansas City, Missouri, was with him on the brief for appellant.

*Kevin L. Diehl*, of Eugene B. Ralston & Associates, P.A., of Topeka, argued the cause, and *Eugene B. Ralston*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Plaintiff Joyce L. Vogeler seeks reinstatement of her first action which the district court initially dismissed to allow her to refile to obtain service under K.S.A. 60-203. Subsequently, the district court ruled that the second action it had ordered filed was barred by the two-year statute of limitations. The district court then refused to set aside its earlier order dismissing the first action. In an unpublished decision filed April 28, 1988, the Court of Appeals sustained the district court's denial of Vogeler's motion to set aside the dismissal of her original action pursuant to K.S.A. 60-260(b). We accepted Vogeler's petition for review and reverse, finding that the district court abused its discretion by refusing to set aside its order dismissing the first action.

This case presents a unique set of procedural facts. On March 6, 1985, plaintiff, Vogeler, filed a petition alleging that defendant, Owen, negligently injured her on March 10, 1983. Summons was issued on March 6, 1985, and returned on March 17, 1985, showing service on defendant by delivery to an employee at defendant's office, rather than personal service as required by

K.S.A. 60-203. Owen's answer alleged, among other things, insufficient service of process. Both parties then commenced discovery.

On January 23, 1986, almost three years after the alleged negligent act, Owen moved for dismissal of Vogeler's action with prejudice, contending that by failing to obtain service required by K.S.A. 60-203, Vogeler had failed to commence the suit within the two-year statute of limitations. Vogeler responded K.S.A. 60-203(b) entitled her to save her cause of action by obtaining service of process within 90 days of the court's adjudication of improper service.

On April 15, 1986, the district court agreed with both parties, holding that service was improper and K.S.A. 60-203(b) was applicable. The court dismissed Vogeler's cause of action without prejudice to allow her to file a second action and obtain service on the defendant. The court stated that "[i]n the event the Court attains jurisdiction over defendant, the discovery made in this case shall be utilized in any subsequent proceedings." When it dismissed the first action to allow Vogeler to obtain service upon Owen, the district court may have relied on language in Vernon's Kansas C. Civ. Proc. § 60-203 (1984 Supp.), which considers a dismissal and refiling with service of alias summons as proper under 60-203(b).

On April 30, 1986, Vogeler refiled a duplicate of her first petition and obtained personal service on the defendant on May 2, 1986, within 90 days of the district court's adjudication of improper service as prescribed by 60-203(b). Owen then moved to dismiss, claiming that Vogeler failed to commence the second action within the two-year limitation period. On July 18, 1986, the district court denied the motion, holding that "[t]his court is of the opinion that whether service was made in the initial action or in the refiled action is a procedural technicality and justice would not be served by plaintiff's cause of action being barred under these circumstances. . . . Here, the Court's jurisdiction is not an issue. The only issue is whether in complying with K.S.A. 60-203(b) service is to be had in the initial action or the refiled case. Either procedure is within the spirit of K.S.A. 60-203(b)."

On that same day, this court decided *Newell v. Brollier*, 239 Kan. 587, 722 P.2d 528 (1986). In *Newell*, plaintiff filed an action against Brollier in 1979 which was dismissed in 1985 for lack of

personal service. Two months after the dismissal, Newell filed a new lawsuit asserting the same causes of action, and obtained personal service. The district court dismissed the second case, finding that the statute of limitations barred that action. Newell appealed, contending that K.S.A. 60-203(b) extended the statute of limitations and authorized the refiling of his original claim to obtain service. We disagreed, holding that under K.S.A. 60-203(a) an action is commenced on the date the petition is filed if service is made within 90 days of filing (or 120 if extended by the court). If purported service, timely under K.S.A. 60-203(a), is later adjudicated defective, the action shall be deemed commenced as of the filing of the petition if valid service is made within 90 days (120 days if extended by the court) after the adjudication of invalidity under K.S.A. 60-203(b). We held that K.S.A. 60-203(b) does not authorize the filing of a new action after the first action has been dismissed. If a second action is filed, it is commenced on the date the second petition is filed even where service is obtained in the second action within 90 days of the dismissal of the first action. 239 Kan. at 588-89.

On September 10, 1986, Owen renewed the motion to dismiss, arguing that under *Newell* the second action was commenced well beyond the two-year statute of limitations. In reply, Vogeler filed a motion pursuant to K.S.A. 60-260(b) requesting relief from the order dismissing the *first* action, arguing to avoid injustice the district court should vacate its order dismissing the original action and allow her to proceed to trial. Vogeler reasoned, in spite of her failure to properly serve Owen in the first action, Owen had full notice of that proceeding. Vogeler argued by refiling her action she had merely followed the court's order and, under K.S.A. 60-260(b)(1), (6), the court should set aside its order dismissing the original action to avoid the manifest injustice she believed was caused by the district court.

The district court granted Owen's motion to dismiss the second action. When granting the motion to dismiss the second action, the court recognized *Newell* held K.S.A. 60-203(b) did not authorize the filing of a new action. The district court then granted Vogeler's motion to set aside the dismissal of the first action, observing that previously it had held she was entitled to the savings provision of K.S.A. 60-203(b). The court noted normally, if an action is dismissed the plaintiff is required to seek

relief by appeal, but here, the court would not allow a mere technicality to keep Vogeler from presenting her cause of action.

In December, 1986, after Owen had moved for a rehearing, the court reversed and vacated its order setting aside the dismissal of the first action. The district court found Vogeler's original motion was for relief from a judgment, and that her choice not to appeal the judgment dismissing the original action was calculated and deliberate and the result of free choice. The court determined that K.S.A. 60-260(b) is not intended to provide a procedure for challenging errors which should be corrected by appeal.

Vogeler appealed and the Court of Appeals noted the district court's dismissal of the first action was inconsistent with the language of 60-203(b). It found that the district court's dismissal ended Vogeler's opportunity to obtain service under 60-203. Therefore, the Court of Appeals held, since she did not appeal the dismissal, she could not use 60-260(b) as a substitute for the appeal. Judge, now Justice, Six dissented, stating Vogeler's choice not to appeal the dismissal of the original action was neither free, calculated, nor deliberate. He reasoned since the district court believed that 60-203(b) applied, saving the cause of action, Vogeler's 60-260(b) motion should have been granted for "compelling considerations of justice." We granted review.

K.S.A. 60-260(b) provides in part that, on motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

Clearly, K.S.A. 60-260(b) was not intended as an alternative method of appellate review nor as a means of circumventing time limits on appeal, except where required by compelling considerations of justice. It does not provide a procedure to challenge a supposed legal error of the court, nor to obtain relief from errors which are readily correctable on appeal. *Neagle v. Brooks*, 203 Kan. 323, Syl. ¶ 4, 454 P.2d 544 (1969). Although the broad language of 60-260(b)(6) authorizing relief for "any other reason justifying relief from the operation of the judgment" gives courts broad powers to vacate judgments, this power is not provided to relieve a party from a free, calculated, and deliberate choice. The party remains under a duty to take legal steps to protect his interests. *Neagle*, 203 Kan. 323, Syl. ¶ 5.

Vogeler argues the dismissal of her original action should be set aside for two reasons. First, she notes the trial court committed an unanticipated procedural error by determining that K.S.A. 60-203(b) permitted dismissal and refiling of the claim. Because she then merely followed the court's apparently favorable ruling and refiled her petition, she should not be expected to have appealed the dismissal of the action without prejudice. Secondly, she contends there was no finality of the judgment because the district court, when dismissing her original action without prejudice, obviously intended the continuation of her action.

Owen counters by claiming relief under 60-260(b) is not appropriate because Vogeler's dilemma was brought about by her own free, calculated, and deliberate choice. Owen contends Vogeler erred by (1) failing to obtain proper service even after notice that service was defective; (2) failing to appeal the trial court's order of dismissal; and (3) misinterpreting K.S.A. 60-203(b) to allow filing a new claim, despite the absence of an appellate court decision to that effect. Owen argues, because of these errors, Vogeler cannot now claim trial court error as a basis for relief.

The Court of Appeals conceded the district court correctly held plaintiff's cause of action was saved by K.S.A. 60-203(b), but found the court then erred by ordering the first action dismissed without prejudice. The Court of Appeals noted *Newell* required the district court to find there had been defective service and then to allow plaintiff an additional 90 days to obtain service. See *Hughes v. Martin*, 240 Kan. 370, 372, 729 P.2d 1200 (1986). Nonetheless, the Court of Appeals determined that the burden of the court's error should be borne by the plaintiff, who had the duty to appeal the erroneous dismissal of the first action. The Court of Appeals found, since plaintiff's choice not to appeal the district court's dismissal of that action was free, calculated, and deliberate, plaintiff was not entitled to relief under 60-260(b). We disagree.

In *Neagle*, the appellant chose to file a new action in federal district court, rather than to appeal an adverse state court judgment. We affirmed the denial of appellant's subsequent motion for relief from judgment in the state court action, holding 60-

260(b) was not enacted to relieve appellant from her free and deliberate choice. We noted that, rather than pursuing an appeal in state court, appellant's apparent purpose in filing a new action in federal court was to obtain a more favorable result in the federal forum and that plaintiff offered no sound legal reason for that choice.

Here, the Court of Appeals found that Vogeler's decision not to appeal the dismissal of her first action can be equated with Neagle's choice not to appeal the state court judgment. The Court of Appeals believed since the district court's dismissal of the original action without prejudice was procedurally incorrect, Vogeler was required to appeal the order. We disagree with this reasoning. Under the facts of this case, Vogeler could not have been expected to appeal a favorable ruling of the district court. In contrast to the appellant in *Neagle*, Vogeler's actions were not motivated by a desire to manipulate the system. When Vogeler prevailed on April 15, the district court intended the continuation of the litigation by allowing her to file the second action. Vogeler was entitled to rely on the court's favorable ruling. In addition, when the district court dismissed the first action, it did not have the guidance of our decision in *Newell*.

In *In re Estate of Newland*, 240 Kan. 249, 730 P.2d 351 (1986), we concluded that K.S.A. 60-260(b)(1) does not afford relief for mistakes of law, but 60-260(b)(6) may afford relief under appropriate circumstances where the scales of justice tilt in favor of the movant. In *Wirt v. Esrey*, 233 Kan. 300, 311, 662 P.2d 1238 (1983), we reviewed the equitable purposes of 60-260(b)(6):

"This rule, in its entirety, attempts to preserve the delicate balance between the conflicting principles that litigation be brought to an end and that justice be done in light of all the facts. Decisions under the parallel federal rule of civil procedure reflect the view that Rule 60 is to be 'liberally construed . . . in order that judgments will reflect the true merits of a case.' 11 Wright & Miller, Federal Practice and Procedure: Civil § 2852, p. 143 (1973). Likewise, the liberality with which Rule 60(b) and particularly Clause 6 thereof should be applied is stated as follows in 7 Moore's Federal Practice, ¶ 60.27(1), p. 342 (2d ed. 1982):

" 'Like Rule 60(b) generally, clause (6) should be liberally applied to situations not covered by the preceding five clauses so that, giving due regard to the sound interest underlying the finality of judgments, the district court, nevertheless, has power to grant relief from a judgment whenever, under all the surrounding circumstances, such action is appropriate in the furtherance of justice.' "

When determining whether to grant relief under 60-260(b)(6), *Wirt* directs us to balance the need for finality in litigation

against the need for substantial justice under all the circumstances. See *In re Estate of Newland,* 240 Kan. 249. Here, the district court's April 15 order allowing Vogeler to continue her action on the merits, though procedurally incorrect, was within the court's power. Vogeler obtained service on Owen within 90 days of the district court's adjudication of improper service. The district court's reinstatement of the first action neither deprived nor prejudiced the rights of the defendant; both parties merely maintained the status quo as required by the statute. Under these circumstances, it does not serve the interests of justice to bar Vogeler from proceeding to litigate her claim on the merits because she relied on the district court's order. The district court abused its discretion when it reversed its decision to reinstate the first action.

The decisions of the Court of Appeals and district court are reversed. The original action is reinstated and remanded to the district court for further proceedings.

Six, J., not participating.