Jean Seymour ELLIOTT and Stanley Seymour, Plaintiffs,

v.

WHITE, O'CONNOR & WERNER, P.A., Defendant.

Civ. A. No. 89–2292–V.

United States District Court, D. Kansas.

Sept. 11, 1990.

Larry K. Elliott, Eckert Seamans Cherin & Mellott, Pittsburgh, Pa., Michael L. Sexton, Callen, Sexton & Shelor, Kansas City, Kan., for plaintiffs.

Randall Palmer, Palmer & Whittier, Pittsburg, Kan., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiffs filed claims against defendant in this court for breach of contract and negligence (legal malpractice). Defendant responded with an answer and a motion to dismiss. The case now comes before the court on defendant's Renewed Motion To Dismiss (Doc. 14), wherein defendant raises several Fed.R.Civ.P. 12(b) defenses. Plaintiffs have responded and oppose defendant's renewed motion (Doc. 20). We conclude that defendant's Fed.R.Civ.P. 12(b)(6) motion is dispositive of the case. For the reasons stated below, defendant's Renewed Motion To Dismiss is granted.

### Procedural History

Before proceeding to the substantive merit of defendant's motion we believe that it is first necessary to identify the parties and trace the procedural history of the present case and its predecessor.

From the complaint filed in this case, it appears that plaintiffs Jane Seymour Elliott and Stanley Seymour are the beneficiaries of a will and trust agreement of Mary Mabel Seymour. The agreement was drafted by Robert White, now deceased, a partner in the defendant law firm White, O'Connor & Werner, P.A. The will and trust agreement was executed on January 15, 1985. One year later, Mary Mabel Seymour died. On May 7, 1986, upon petition of the executor of Mary Mabel Seymour's estate, the District Court of Crawford County, Kansas, admitted the will to probate.

On April 11, 1988, the plaintiffs filed a complaint, regarding the will and trust agreement, against defendant in this court, Civil Action No. 88–4072–S ("original action"). Plaintiffs alleged jurisdiction based on diversity of citizenship of the parties. 28 U.S.C. § 1332(a)(1). In the complaint, plaintiffs alleged causes of action based on the alleged legal malpractice of defendant. The alleged malpractice concerned the failure of the firm to follow the instructions of the maker of the will, Mary Mabel Seymour, and in negligently advising her. Plaintiffs also claimed malpractice regarding the handling of the estate.

Although plaintiffs filed their original action on April 11, 1988, they did not attempt to effect service of process on defendant

for approximately six months. Then, for good cause shown, this court (Judge Saffels) by order dated October 6, 1988, granted plaintiffs sixty additional days in which to make service on defendant. By return of service filed November 3, 1988, plaintiffs purportedly achieved service on defendant on November 1, 1988. Defendant filed a timely answer to plaintiffs' complaint and raised the issue of insufficiency of process. On February 1, 1989, this court issued a memorandum and order ruling that service had been proper. On April 10, 1989, in response to defendant's renewed motion to dismiss, the court altered its earlier decision and dismissed the case for insufficiency of process pursuant to Fed.R.Civ.P. 12(b)(5). On May 23, 1989, the court denied plaintiffs' motion for reconsideration. The court's judgment of dismissal became final on May 25, 1989. On June 20, 1989, plaintiffs took a timely appeal to the Tenth Circuit Court of Appeals. By Order and Judgment dated November 22, 1989, the Tenth Circuit affirmed the court's order of dismissal of the original action.

On June 27, 1989, plaintiffs commenced a second lawsuit, Civil Action No. 89–2292–S, which is the present action. The new action is virtually identical to the original action. Jurisdiction, once again, as alleged, is based on diversity of citizenship. 28 U.S.C. § 1332(a)(1).

### Commencement Date of This Action

Defendants seek dismissal under Fed.R. Civ.P. 12(b)(6), *inter alia,* on the ground that plaintiffs' claims are barred by the applicable statutes of limitations, K.S.A. 60–512(1) and K.S.A. 60–513(a)(4). Plaintiffs, on the other hand, contend that the commencement of the present action relates back to the filing date of their first action. They argue that either K.S.A. 60–203(b) or K.S.A. 60–518 engender this relation back. They conclude that because the original action was filed in a timely manner that the present action is not barred by the applicable statutes of limitations. As is often the case where a statute of limitations defense is raised, the date of commencement of the action is a critical issue.

Because jurisdiction is based on diversity of citizenship we must apply Kansas law. It is well-recognized that "[e]xcept in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any [diversity] case is the law of the State." *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). The United States Supreme Court has expounded that "[i]n essence, the intent of [*Erie*] was to insure that, in all cases where federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same ... as it would be in the State court." *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945). To this end the court has held that "[w]e cannot give [the cause of action] longer life in the federal court than it would have had in the state court without adding something to the cause of action. We may not do that consistently with *Erie R. Co. v. Tompkins.*" *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 533–34, 69 S.Ct. 1233, 1235, 93 L.Ed. 1520 (1949). Therefore, to determine the commencement date of plaintiff's present cause of action, for the purposes of the statute of limitations defense, we must look to Kansas law. *See Saraniero v. Safeway, Inc.,* 540 F.Supp. 749 (D.Kan. 1982).

■ In Kansas, the commencement of actions is governed by K.S.A. 60–203. K.S.A. 60–203 provides in relevant part:

(a) A civil action is commenced at the time of (1) Filing a petition with the clerk of the court, if service of process is obtained ... within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process ... is not made within the time specified by provision (1).

(b) If service of process ... purports to have been made within the time specified by subsection (a)(1) but is later adjudicated to have been invalid due to any

irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced by the original filing of the petition if valid service is obtained ... within 90 days after that adjudication except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.

Plaintiff, in opposing defendant's motion, argues that K.S.A. 60–203(b) relates the commencement of plaintiffs' second action back to the date the original action was filed. We disagree. Plaintiffs filed their original complaint against defendant on April 11, 1988. They did not attempt to make service of process for nearly six months. On October 6, 1988, this court gave plaintiffs sixty days to effect service on defendant. On November 1, 1988, plaintiffs purportedly effected service on defendant. However, this court ruled that service was invalid and dismissed the case. Pursuant to K.S.A. 60–203(b) plaintiffs had ninety days from that adjudication to make service on defendant in order to relate the commencement of the original action back to the date that it was filed. Plaintiffs failed to do this. Instead, plaintiffs filed a second action. The Kansas Supreme Court has clearly stated that "K.S.A. 60–203(b) does not authorize the filing of a new action after an adjudication of invalidity of service of process in the original action and has no application in determining the date of commencement of such new action." *Newell v. Brollier*, 239 Kan. 587, Syl. ¶ 4, 722 P.2d 528 (1986). Plaintiffs' present action does not relate back to the original action under K.S.A. 60–203(b).

▮ Plaintiffs also argue that K.S.A. 60–518 enables them to file a new action because the original action was resolved "otherwise than on the merits." We disagree. That statute provides in relevant part:

If any action be commenced within due time, and the plaintiff fail in such action otherwise than on the merits, and the time limited for the same shall have expired, the plaintiff ... may commence a new action within six (6) months after such failure.

K.S.A. 60–518 is a saving statute and not a tolling statute. It does not stop or toll the running of the statute of limitations but preserves or saves to the plaintiff six months to file a second action if the statute of limitations has run during the pending of the first action and that action is dismissed. *Waltrip v. Sidwell Corp.*, 234 Kan. 1059, Syl. ¶ 4, 678 P.2d 128 (1984). The first requirement of K.S.A. 60–518 is that the original action must have been "commenced within due time." We conclude that the original action was not "commenced within due time" because it was never commenced as defined by K.S.A. 60–203. Plaintiff never effected service on defendant in the original action, nor did it effect service on defendant within ninety days after service was determined insufficient. *See* K.S.A. 60–203. Therefore, we conclude that K.S.A. 60–518 is inapplicable to this case. *See Newell v. Brollier*, 239 Kan. at 589, 722 P.2d 528 (K.S.A. 60–518 held inapplicable where defendant not properly served in original action).

We conclude that the commencement date of the present action is June 27, 1989.

### Statute of Limitations

Plaintiffs' complaint alleges causes of action sounding in contract and tort. In Kansas the applicable statute of limitations governing actions brought on account of an oral contract is three years. K.S.A. 60–512(1). In Kansas the applicable statute of limitations governing actions brought under the applicable theories of tort is two years. K.S.A. 60–513(a)(4). Defendants argue in their motion that plaintiffs' claims are barred by these statutes of limitations. We agree.

▮ Because we have determined that the date of commencement of the present action is June 27, 1989, the primary issue for our determination is the date that plaintiffs' claims first arose. From the face of the complaint it is apparent that the will and trust agreement was executed on January 15, 1986. We conclude that a cause of action for breach of contract arose no later than that date. *See Rogers v. Williams, Larson, Voss, Strobel & Estes*, 245 Kan.

290, 292, 777 P.2d 836 (1989) (holding that a claim for breach of contract against a lawyer regarding estate taxes arose no later than the date on which the estate tax return was filed, not when the alleged error was discovered). Under the applicable statute of limitations relative to oral contracts, the time for bringing an action expired on January 15, 1989, prior to the commencement of the present action. Plaintiffs' claims for breach of contract are dismissed. K.S.A. 60–512(1).

■ As to tort liability, K.S.A. 60–513 prescribes two years in which to bring an action therefor, with the proviso that:

> (b) Except as provided in subsection (c), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party ...

We conclude that plaintiffs' alleged injuries should have become reasonably ascertainable to plaintiffs when the will was admitted to probate on May 7, 1986. The statute of limitations for bringing plaintiffs' negligence cause of action thus expired on May 7, 1988, prior to the commencement of the present case. Plaintiffs' claims for negligence are dismissed. K.S.A. 60–513(a)(4).

Because we have found that plaintiffs' claims are barred by the applicable statutes of limitations we need not address the remainder of the substantive issues raised in defendant's Renewed Motion To Dismiss.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's Renewed Motion To Dismiss (Doc. 16), is granted. The case is hereby dismissed.

IT IS SO ORDERED.