William A. **BURNETT,** as an Individual and For the Benefit of Bob Florence Contractor, Inc., and Commercial Union Insurance Company, and Kansas Workers Compensation Fund, Plaintiffs,

v.

**PERRY MANUFACTURING, INC., Defendant.**

Civ. A. No. 92–4187–S.

United States District Court, D. Kansas.

Sept. 30, 1993.

Cortland E. Berry, Reading, KS, for plaintiffs.

David H. Moses, Craig A. Kreiser, Curfman, Harris, Rose, Weltz & Smith, Wichita, KS, for defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment (Doc. 8). Defendant argues that the applicable statute of limitations bars plaintiff's claims.

For the reasons set forth below in this order, the defendant's summary judgment motion is denied.

### Summary Judgment Standard

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c). The rule provides that "the mere existence of **some** alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1985). The substantive law identifies which issues are material. *Id.* at 248, 106 S.Ct. at 2510. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos Nat. Laboratory*, 992 F.2d 1033, 1036 (10th Cir.1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the [nonmovant's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant need not negate the nonmovant's claim. *Id.* at 323, 106 S.Ct. at 2552. Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1985). The nonmovant must go beyond the pleadings and, by affidavits or the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is no genuine issue for trial. Fed.R.Civ.P. 56(e). *See also Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (interpreting 56(e)).

Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. at 2552.

A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986) (stating that "[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues").

Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. That is, the court decides whether there are any genuine factual issues that can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party. *Id.*

### Jurisdiction and Venue

The court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

### Facts

For the purposes of this motion, the court makes the following findings of fact.

Plaintiff originally commenced this action on January 3, 1991, in the United States

District Court for the District of Kansas. Plaintiff's action results from injuries sustained on January 3, 1989. This action was dismissed voluntarily without prejudice on September 17, 1992.

On March 17, 1992, the Clerk of the United States District Court for the District of Kansas received a complaint unaccompanied by a filing fee. However, an application to proceed *in forma pauperis* did accompany the complaint. This application was denied on March 30, 1992. On July 28, 1992, Magistrate Judge Ronald C. Newman advised plaintiff's counsel that the clerk was unable to accept the complaint for filing due to the absence of a filing fee. Subsequently, on August 7, 1992, plaintiff paid the filing fee.

### Discussion

Defendant argues it is entitled to judgment as a matter of law because plaintiff failed to file his second action within six months of the voluntary dismissal of his first action, as required by K.S.A. 60–518. Alternatively, defendant argues that, even if plaintiff filed an action within the time allowed by K.S.A. 60–518, plaintiff's action was dismissed on March 30, 1992, and therefore is barred by the "two dismissal rule" of Fed.R.Civ.P. 41(a)(1).

### *Statute of Limitations*

■ The court has diversity jurisdiction over the instant action. In diversity actions, state statute of limitations govern state law claims. *See, e.g., Walker v. Armco Steel Corp.*, 446 U.S. 740, 745, 100 S.Ct. 1978, 1982, 64 L.Ed.2d 659 (1980) (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 109–110, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945)). Therefore, whether plaintiff's suit is time-barred requires an examination of the Kansas statute of limitations.

The applicable section of the Kansas statute of limitations is K.S.A. 60–518. K.S.A. 60–518 is a saving statute. *Elliott v. White, O'Connor & Werner, P.A.*, 750 F.Supp. 451, 454 (D.Kan.1990). It grants the plaintiff an additional six months to file a second action if the statute of limitations has run while the first action was pending and the first action was subsequently dismissed. *Id.* In pertinent part, K.S.A. 60–518 provides as follows:

> **60–518. New action, when.** If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same action shall have expired, the plaintiff, ... may commence a new action within six (6) months after such failure.

Thus, for plaintiff's action to come within K.S.A. 60–518, plaintiff must have (1) commenced his first action within due time, (2) failed in his first action otherwise than upon the merits, with the failure coming after the relevant statute expired, and (3) commenced a new action within six months of the failure. The parties do not dispute that plaintiff met both of the first two elements. The parties disagree as to whether plaintiff commenced his new action within six months of the dismissal of his first action.

Since this is a diversity action, state law determines, for limitations purposes, when plaintiff commenced the suit. *Elliott v. White, O'Connor & Werner, P.A.*, 750 F.Supp. at 453; *Wallace v. Sherman Williams Co., Inc.*, 720 F.Supp. 158, 159 (D.Kan.1988). *See also Saraniero v. Safeway, Inc.*, 540 F.Supp. 749, 752 (D.Kan.1982) (applying K.S.A. 60–203(a) in a diversity action).

In Kansas, K.S.A. 60–203 governs the commencement of actions. According to K.S.A. 60–203(a), to toll the statute of limitations as of the date the complaint is filed, a plaintiff must serve the defendant within 90 days of filing the complaint. If the plaintiff serves the defendant within 90 days, the action is deemed commenced as of the date plaintiff files the complaint. If the plaintiff does not serve the defendant within 90 days, the action is deemed commenced as of the date service is obtained.

In its motion, defendant does not dispute the adequacy of service.[1] Defendant does

---

1. Plaintiff claims that he commenced his second action on March 17, 1992, when he deposited his complaint with the clerk. The court is unable to determine when plaintiff obtained service of process on defendant in the second action. If plaintiff did not serve defendant within 90 days of filing his complaint, the action is not deemed commenced until the date plaintiff served defen-

dispute whether the manner in which plaintiff submitted his complaint to the court on March 17, 1992, constitutes filing sufficient to commence the second action.

Defendant's arguments flow from the notion that Fed.R.Civ.P. 3 establishes the date at which an action is commenced for the purposes of tolling a state statute of limitations. However, in *Walker v. Armco Steel Corp.*, the Supreme Court explained that "in diversity actions Rule 3 governs the date from which various timing requirements of the federal rules begin to run, but does not affect state statutes of limitations." *Walker*, 446 U.S. at 751, 100 S.Ct. at 1985 (1980). Therefore, the court looks to K.S.A. 60–203(a) for guidance as to when plaintiff commenced the second action. Since defendant's motion does not contest the service element, but only the filing element, of K.S.A. 60–203, the court presumes good service within 90 days and focuses exclusively on the adequacy of plaintiff's filing.

■ Before examining the adequacy of plaintiff's filing, the court must determine what constitutes an appropriate filing. Since this is a diversity action, Kansas law governs all matters which are properly characterized as substantive and federal law controls matters of procedure. *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 453 (10th Cir. 1982). Therefore, while Kansas law determines the date at which the action is considered commenced, as a question of state substantive rights, federal law determines the applicable procedure for filing the complaint. Thus, the court applies federal law to examine the adequacy of the manner in which plaintiff filed his complaint.[2]

Fed.R.Civ.P. 5(e) defines filing. It states, in pertinent part, that "[t]he filing of papers with the court ... shall be made by filing them with the clerk of the court." Fed. R.Civ.P. 5(e). However, defendant argues that filing requires not only depositing papers with the court, but also payment of the filing fee. Accordingly, defendant contends that plaintiff could not have "filed" his complaint on March 17, 1992, because he did not pay the filing fee required by 28 U.S.C. § 1914 until August 7, 1992.

Defendant's argument seems to turn on whether the filing fee requirement of 28 U.S.C. § 1914 is jurisdictional. Although there is a split among federal courts, the greater weight of authority indicates that the filing fee requirement is not jurisdictional.[3]

dant. K.S.A. 60–203(a)(2). In order to enjoy the protection of K.S.A. 60–518, plaintiff must have commenced the second action within six months of filing his complaint. Since plaintiff deposited his complaint with the clerk on the last possible day, plaintiff must have commenced his action no later than that day or else his action falls outside the six month scope of K.S.A. 60–518. That is, plaintiff must have served defendant within 90 days of depositing his complaint with the clerk on March 17, 1992. Although defendant's attorney entered an appearance, which, under K.S.A. 60–203(c), has the same effect as service, the date of entry was December 14, 1992, which is considerably more than 90 days after March 17, 1992.

2. The Kansas and federal rules that define "filing" are nearly identical in form and seemingly identical in substance. Thus, even if the technical steps involved in filing required application of the state procedure, there should be no difference in result.

K.S.A. 60–205(e) defines "filing." K.S.A. 60–205(e) provides that

The filing of pleadings and other papers with the court as required by this article shall be made by filing them with the clerk of the court,

except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.

For actions brought in federal court, Fed. R.Civ.P. 5(e) defines "filing." In pertinent part, Fed.R.Civ.P. 5(e) provides that

The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.

3. *Cintron v. Union Pacific R. Co.*, 813 F.2d 917, 921 (9th Cir.1987); *Rodgers on Behalf of Jones v. Bowen*, 790 F.2d 1550, 1551 (11th Cir.1986); *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 545 (5th Cir.1978); *Johnson v. Brown*, 803 F.Supp. 1414, 1418–1419 (N.D.Ind.1992); *Bolduc v. United States*, 189 F.Supp. 640, 641–642 (D. Maine 1960). See also *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47, 75 S.Ct. 577, 577, 99 L.Ed. 867 (1955) (*per curiam*) (filing fee not a prerequisite for proper filing of an appeal under 28 U.S.C. § 1917); *Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir.1987) (stating that "the dis-

That is, a plaintiff's failure to pay the fee at the time he or she deposits the complaint with the clerk should not deprive the court of the ability to hear the case.[4] Indeed, as Professors Wright and Miller comment, "[t]he loss of a potentially valid cause of action is a rather harsh penalty for an oversight of this type." 4 Wright & Miller, *Federal Practice and Procedure* § 1055 (1987).

Pursuant to 28 U.S.C. § 1914, the parties to a civil suit must pay a filing fee. In pertinent part, 28 U.S.C. § 1914(a) states that "[t]he clerk of each district court *shall* require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $120." (Emphasis added). Congress' use of the word "shall" indicates the fee is mandatory, but it does not indicate when it must be paid. When read with 28 U.S.C. § 1914(c), in which Congress allows each district court to require by rule advance payment of fees, it seems clear that Congress did not intend by 28 U.S.C. § 1914(a) to require parties to pre-pay the fee. Instead, Congress grants each district the discretion to decide whether it will require parties to pre-pay the fee. Unlike some districts, the local rules for the District of Kansas do not contain a provision requiring the parties to pay the filing fee in advance. Thus, the District of Kansas did not explicitly exercise the authority to require pre-payment granted in 28 U.S.C. § 1914(c).

In *Bolduc v. United States*, 189 F.Supp. 640 (D. Maine 1960), a case in a district without a local rule requiring pre-payment, the court held that a complaint should be deemed filed as of the date the clerk receives it, even if the filing fee is not paid until sometime later. In *Bolduc*, plaintiff deposited his complaint with the clerk on the last day on which it would be timely. He did not pay the filing fee until after the statute had run. Defendant moved for summary judgment. The court denied defendant's motion relying on the Supreme Court's interpretation of the appellate corollary to 28 U.S.C. § 1914, 28 U.S.C. § 1917, in *Parissi v. Telechron*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955) (*per curiam*).

In support of its motion, defendant relies chiefly on two cases in which the courts sat in districts with a local rule requiring parties to pre-pay the filing fee. Unlike the court in the instant case, the courts in both *Wanamaker v. Colombian Rope Co.*, 713 F.Supp. 533 (N.D.N.Y.1989), and *Keith v. Heckler*, 603 F.Supp. 150 (E.D.Va.1985) were governed by local rules requiring advance payment of fees. These local rules add substance to 28 U.S.C. § 1914(c) which is lacking in districts without similar provisions.

Defendant relies heavily on *Wanamaker*. In *Wanamaker*, the court held that a complaint was not filed until the plaintiff paid the filing fee. *Id.* at 538. The court formed its decision in part on the basis of a local rule which stated that "[t]he clerk shall not be required to render any service for which a fee is prescribed by statute or by the Judicial Conference of the United States *unless the*

---

trict court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules"); *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir.1986) (same); *Loya v. Desert Sands Unified School District*, 721 F.2d 279, 281 (9th Cir.1983) (same). Contra *Wanamaker v. Columbian Rope Co.*, 713 F.Supp. 533, 537 (N.D.N.Y.1989); *Keith v. Heckler*, 603 F.Supp. 150, 156–157 (E.D.Va.1985); *Anno v. United States*, 113 F.Supp. 673, 675 (Ct.Cl.1953); *Turkett v. United States*, 76 F.Supp. 769, 770 (N.D.N.Y.1948).

4. Kansas state courts appear to be in agreement with the great weight of federal courts. That is, Kansas courts do not regard payment of the filing fee as a jurisdictional issue. See *Avco Financial Services v. Caldwell*, 219 Kan. 59, 547 P.2d 756 (1976) (holding that party's payment of the statutory fee, in compliance with K.S.A. 60–2001(a), was not necessary to perfect an appeal to the district court from the magistrate court); *Walnut Valley State Bank v. Stovall*, 1 Kan. App.2d 421, 566 P.2d 33 (1977) (holding that party's payment of the statutory fee, in compliance with K.S.A. 60–2001(a), was not necessary to perfect an appeal to the district court from the county court). Both cases interpret K.S.A. 60–2001(a). K.S.A. 60–2001(a) states that "[e]xcept as otherwise provided by law, no case shall be filed or docketed in the district court, whether original or appealed, without payment of a docket fee in the amount of $61.50 to the clerk of the district court." Although both cases deal with appeals to the district court and not original actions filed in the district court, the statute they construe applies to both appellate and original actions and its language does not appear to contemplate a difference in its application to appellate and original actions.

*fee for the particular service is paid to him in advance." Id.* at 537–538 (emphasis added).

The *Wanamaker* court based its holding on the reasoning of *Keith.* In *Keith,* as in *Wanamaker,* the court interpreted 28 U.S.C. § 1914 in light of a local rule requiring parties to pre-pay filing fees. Indeed, the court indicated that its decision turned on the existence of the local rule when it wrote that "[c]ritical to the determination of this case is the fact that the Local Rules of Practice in the Eastern District of Virginia do provide for advance payment of filing fees pursuant to 28 U.S.C. § 1914(c)." *Keith,* 603 F.Supp. at 156.

The instant case is very similar to *Bolduc.* As in *Bolduc,* plaintiff in the instant case deposited his complaint with the clerk on the last day on which it could be timely. As in *Bolduc,* plaintiff in the instant case did not pay the filing fee until after the statute had run. Again as in *Bolduc,* the District of Kansas does not have a local rule requiring parties to pre-pay the filing fee. The court is persuaded that, as in *Bolduc,* defendant's motion should be denied insofar as it relies on plaintiff's failure to pre-pay the filing fee.

Even if the court adopted the holdings of *Wanamaker* and *Keith,* the facts of this case demand that plaintiff be given some time following the dismissal of his *in forma pauperis* application to comply with 28 U.S.C. § 1914.

In the instant case, plaintiff filed an *in forma pauperis* application in lieu of paying the filing fee. If the court had granted plaintiff's application to proceed *in forma pauperis,* even though the six month cushion provided by K.S.A. 60–518 had expired, plaintiff's claim would not be time-barred. *See, e.g., Vinson v. Richmond Police Dept.,* 567 F.2d 263, 264 n. 2 (4th Cir.1977); *Rosenberg v. Martin,* 478 F.2d 520, 522 n. 1a (2d Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *Mohler v. Miller,* 235 F.2d 153, 156 (6th Cir.1956). *Baxter v. Consolidated Rail Operations,* 552 F.Supp. 394, 396 (E.D.Pa.1982). However, the court denied plaintiff's application on March 30, 1992. As a result, plaintiff had to pay the filing fee required by 28 U.S.C. § 1914. Plaintiff com-

plied with 28 U.S.C. § 1914(a) on August 7, 1992, some four months after the court denied his application and a little over a week after Magistrate Judge Newman's letter informing plaintiff that the clerk could not accept a complaint unaccompanied by a filing fee.

The problem in this case flows from the court's denial of plaintiff's application after the statute had run. To hold that an application to proceed *in forma pauperis* does not toll the statute of limitations creates the possibility that worthy plaintiffs could have their claims forfeited by a court delay in reviewing their applications. For example, assuming an *in forma pauperis* application does not toll the statute, if a plaintiff filed an *in forma pauperis* application one month before the statute runs, but the court does not deny the application until a month after the period runs, the plaintiff suffers a hardship as a result of events over which he had no control. Therefore, even if the court accepted defendant's argument, plaintiff, who filed an *in forma pauperis* application before the statute ran, which was denied after the statute ran, would have to be given some time to comply with 28 U.S.C. § 1914.

Since the court rejects the notion that the filing fee is a jurisdictional requirement, and therefore rejects defendant's argument that plaintiff's complaint was not filed until plaintiff paid the filing fee, it is unnecessary for the court to examine the length or quality of plaintiff's delay in paying the fee following the court's denial of his application.

### *"Two Dismissal" Rule of Fed.R.Civ.P. 41(a)(1)*

■ Defendant argues that the "two dismissal" rule entitles it to judgment as a matter of law. However, the "two dismissal" rule is inapplicable on the facts of this case.

Fed.R.Civ.P. 41(a)(1) states the "two dismissal" rule. In pertinent part, Fed.R.Civ.P. 41(a)(1) provides that an action voluntarily dismissed by a plaintiff "is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when *filed by a plaintiff* who has once dismissed in any court of the United States or of any state an

action based on or including the same claim." (Emphasis added).

Plaintiff did not file a notice of dismissal with regard to the second action. "By its own clear terms the 'two dismissal' rule applies only when the second dismissal is by notice under Rule 41(a)(1). It does not apply to a dismissal by stipulation nor to an involuntary dismissal nor to dismissal by court order under Rule 41(a)(2)." 9 Wright & Miller, *Federal Practice and Procedure* § 2368 at 188 (1971). Magistrate Judge Newman's letter of March 30, 1992, is insufficient to trigger the operation of the "two dismissal" rule. Therefore, the court rejects defendant's argument based on the "two dismissal" rule.

### Conclusion

Because plaintiff's claims are not barred by the statute of limitations according to the theories proposed by defendant and because plaintiff's second action is not barred by the "two dismissal" rule, defendant's motion for summary judgment is denied.

**IT IS BY THE COURT THEREFORE ORDERED** that defendant's motion for summary judgment (Doc. 8) is denied.