**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT HUEBNER, M.D.,

    Plaintiff-Appellant,

v.

DONALD E. ROSEN, M.D.,

    Defendant-Appellee.

No. 02-3215

(D.C. No. 01-CV-1193)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

---

Plaintiff Robert Huebner, M.D., filed a medical malpractice claim against

Defendant Donald Rosen, M.D. Defendant filed a motion to dismiss the claim for

insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). The district court

granted Defendant's motion and dismissed Plaintiff's claim with prejudice because

Plaintiff failed to properly serve Defendant within the applicable statute of limitations.

Thereafter, Plaintiff filed a motion to reconsider the judgment, which the district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

properly construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). The district court denied Plaintiff's motion. On appeal, Plaintiff argues: (1) Defendant is equitably estopped from raising insufficient service of process as an affirmative defense; or alternatively (2) Plaintiff should be allowed to re-serve Defendant. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

We review a district court's order denying a motion to alter or amend the judgment under Rule 59(e) for an abuse of discretion. Matosantos Commercial Corp. v. Applebee's Intern., Inc., 245 F.3d 1203, 1213 (10th Cir. 2001). Under an abuse of discretion standard, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). As noted by both parties, we generally review the district court's grant or denial of a motion to dismiss on matters of personal jurisdiction and proper service of process *de novo*. See Jenkins v. City of Topeka, 136 F.3d 1274, 1275 (10th Cir. 1998). The *de novo* standard of review does not apply here, however, because Plaintiff has not appealed the district court's order granting Defendant's motion to dismiss. Instead, Plaintiff only appeals the denial of his motion to reconsider, which the district court properly construed as a Rule 59(e) motion. Therefore,

applying the Rule 59(e) abuse of discretion standard, we affirm.[1]

## I.

Plaintiff filed a medical malpractice claim against Defendant in Kansas state court alleging Defendant failed to diagnose a brain tumor. Plaintiff voluntarily dismissed that suit. On June 21, 2001, Plaintiff re-filed his medical malpractice claim against Defendant in the District of Kansas. Plaintiff served a petition and summons on Defendant at his business address in Portland, Oregon by certified mail, return receipt requested. The signature on the certified mail receipt was illegible and Defendant denies signing the receipt.

Defendant filed an answer to Plaintiff's complaint on August 1, 2001. In the answer, Defendant raised affirmative defenses of improper service of process and lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2) and (b)(5). Defendant filed a motion to dismiss Plaintiff's claim for insufficient service of process on November 15, 2001. The district court granted Defendant's motion and dismissed Plaintiff's claim with prejudice because the applicable statute of limitations had expired. Plaintiff then filed a motion to reconsider, properly renamed by the district court as a motion to alter or amend the judgment, which the district court denied. See Fed. R. Civ. P. 59(e).

---

[1] But see Walker v. United Parcel Service, Inc., 240 F.3d 1268, 1272 (10th Cir. 2001) (some courts have shifted to a *de novo* standard of review when the underlying substance of the Rule 59(e) motion requires such a standard). In any event, if we reviewed this case under a *de novo* standard, the result would be the same.

II.

Pursuant to Fed. R. Civ. P. 4(e), service upon an individual may be effected in one of two ways: (1) Pursuant to the law of the state in which the district court is located; or, (2) By delivering a copy of the summons and the complaint to the individual personally. Plaintiff in this case attempted service under Kansas law pursuant to Fed. R. Civ. P. 4(e)(1) and both parties agree that Kansas law applies. Under Kansas law, a plaintiff must first attempt to serve a defendant at his home. Kan. Stat. Ann. § 60-304(a). If service cannot be effectuated at defendant's home, only then may a plaintiff attempt to serve a defendant at his place of business by restricted delivery. Id.

Here, Plaintiff failed to initially serve Defendant at his home as required by § 60-304(a). Instead, Plaintiff delivered the complaint to Defendant's business. Further, Plaintiff failed to request restricted delivery as required by § 60-304(a). Thus, the district court did not abuse its discretion when it found Plaintiff failed to properly serve Defendant under Kansas law. See supra text 2-3 and note 1.

Plaintiff argues that despite his failure to properly effectuate service, Defendant is equitably estopped from raising a deficient service of process defense. Plaintiff claims that Defendant's answer was misleading and that Defendant failed to inform him of his deficient service in a timely manner. In Kansas, equitable estoppel "exists when [a] party by [its] acts, representations, admissions, or silence induced another party to believe certain facts existed upon which [it] detrimentally relied and acted." Turon State Bank v.

Bozarth, 684 P.2d 419, 422 (Kan. 1984). Estoppel by silence requires an intent to mislead "or at least a willingness that others should be deceived . . . ." Id. at 423.

Plaintiff mistakenly relies on Yoh v. Hoffman for his estoppel argument. 27 P.3d 927 (Kan. Ct. App. 2001). In Yoh, defendant's counsel failed to inform plaintiff of defendant's death and continued to act as if the defendant was still alive. Id. at 929. The court noted that these acts constituted "a long-term, deliberate deception of their opponent and the court." Id. at 931. Unlike the situation in Yoh, the record here is devoid of any evidence Defendant engaged in deliberate fraud. We are not persuaded by Plaintiff's argument that Defendant misled him when Defendant "admitted" in his answer he could be served at work rather then at home. Defendant only admitted in his answer he *could* be served at work, not that he was *properly* served at work. Perhaps Defendant was comfortable with being served at work, but that fact alone does not prove Plaintiff provided Defendant with actual notice of his suit. To argue that Defendant's "admission" in his answer rises to the level of fraud or deceit is unsubstantiated.

Plaintiff also argues Defendant deliberately misled him by waiting until the statute of limitations on his medical malpractice claim expired before filing his motion to dismiss for insufficient process and by failing to notify Plaintiff of any service problems during their scheduling conferences. Defendant, however, had until November 15, 2001 to file any motions based on personal jurisdiction as mandated by court order. Defendant filed his motion to dismiss on or before that day. The fact that Plaintiff's statute of limitations

5

ran in the interim is not Defendant's fault. Further, Defendant indicated that he was disputing service when he raised insufficient service of process as an affirmative defense in his August 1, 2001 answer. Therefore, we reject Plaintiff's equitable estoppel argument.

III.

Second, Plaintiff argues that even assuming his service of process was defective, he can re-serve Defendant under Kan. Stat. Ann. § 60-203(b). Section 60-203(b) is a "savings" statute that permits a plaintiff to re-serve a defendant within ninety days if service was "purported to have been made," but was later adjudicated invalid. In relevant part, the statute provides:

> If service of process . . . *purports to have been made* but is later adjudicated to have been invalid due to any irregularity in form or procedure or *any* defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained . . . within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.

Id. (emphasis added).

The Kansas legislature enacted § 60-203(b) to "reduce the instances in which defective service of process . . . result[ed] in actions being barred by the statute of limitations." Grimmett v. Burke, 906 P.2d 156, 162 (Kan. Ct. App. 1995). According to the Kansas Supreme Court, the purpose of § 60-203(b) was to prevent the statute of limitations from running in situations where service was held to be defective, and the

6

claim time-barred, even though the defendant "had actual knowledge of the pendency of the action through the faulty process." Hughes v. Martin, 729 P.2d 1200, 1204 (Kan. 1986) (internal citation omitted).

The Kansas Supreme Court noted that the inquiry under § 60-203(b) was factual in nature. Id. at 1204-05. The court also explained that § 60-203(b) should be liberally construed and applied if a plaintiff purportedly makes valid service, which in turn gives a defendant actual notice of suit. Id. at 1204 (noting that "[t]he use of the word *any* makes crystal clear the legislative intent that the statute is to be liberally applied in cases involving *any irregularity* or *any defect* in the service of process").

In Grimmett v. Burke, 906 P.2d 156, 163 (1995), the Kansas Court of Appeals recognized that the Kansas Supreme Court construed § 60-203(b) liberally; nevertheless, it stated the statute could be construed in one of two ways: "one is extremely liberal and the other appears to be a commonsense approach." The court explained that an excessively liberal application of § 60-203(b) would "establish that a plaintiff *always* gets a second chance under section 60-203(b) when his or her original service has been determined invalid. This would be true no matter how inept or how lacking in good faith the original service may have been." Id. at 163-64. The court noted that "such a liberal construction is ludicrous; [and] we do not believe it was intended and will not adopt that approach." Id. Thus, the court in Grimmett, building upon the principles set forth in Hughes, prescribed more judicially manageable standards to § 60-203(b). The court

7

indicated that Kansas' service of process rules would be rendered meaningless if there were no limits to the statute. Id. Accordingly, the court recognized that § 60-203(b) first requires a plaintiff to show he "purportedly made valid service" upon defendant before permitting re-service. Id. at 164. The court set forth the following factors interpreting the phrase "purports to have made valid service":

> Before it can be said that service has "purported to have been made," it must be shown that a defendant was given actual notice of having been sued. We also conclude that the following factors should exist: (1) The original service must have "appeared" to be valid and the returns by the sheriff's office or other process servers must indicate that the service was valid. (2) The record should show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment. (3) The plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service.

Id. at 164.

In this case, Plaintiff argues the district court erred when it applied the Grimmett factors, rather than the liberal approach utilized in Hughes. Plaintiff's argument is based on the flawed premise that a difference exists between the interpretation of § 60-203(b) in Hughes and Grimmett. Grimmett does not conflict with the liberal approach found in Hughes. Both cases conform with the plain language of the statute. The district court correctly noted that "[w]hat [P]laintiff fails to recognize is that Grimmett set the standard. Prior to Grimmett, no court . . . had been called upon to explicitly determine when service is 'purported to have been made.'" Thus, Grimmett simply expanded upon Hughes' analysis by explaining, in greater detail, the initial requirements of § 60-203(b). Further,

8

the Kansas Supreme Court in <u>Hughes</u> clearly limited its liberal application of § 60-203(b) to the facts of that case. <u>Hughes,</u> 729 P.2d at 1204-05. Therefore, the district court did not abuse its discretion when it applied the <u>Grimmett</u> factors to Plaintiff's case.

Moreover, the district court did not abuse its discretion when it held Plaintiff failed to show he purportedly made valid service of process under § 60-203(b). According to <u>Grimmett</u>, the notion that Plaintiff purportedly made valid service under § 60-203(b) is premised on Plaintiff demonstrating Defendant received actual notice of suit. 906 P.2d at 164. In Kansas, Plaintiff bears the burden of making a prima facie showing he complied with the service statutes. <u>Taylor v. Phelan</u>, 912 F.2d 429, 431 (10th Cir. 1990). Further, if the jurisdictional allegations in a complaint are challenged, the plaintiff must support them with competent proof. <u>Pytlik v. Professional Resources, Ltd.</u>, 887 F.2d 1371, 1376 (10th Cir. 1989). Plaintiff fails to satisfy his burden. Plaintiff admits he did not properly serve Defendant under Kansas law. Instead of serving Defendant at his home, Plaintiff attempted to serve him at work. Someone at Defendant's office received the summons because someone signed the receipt; however, Plaintiff cannot prove Defendant signed the receipt. Further, Defendant denies signing the receipt. The district court stated:

> If Plaintiff felt that the signature on the return was actually Defendant's, or that it would satisfy legal requirements, then Plaintiff should have supported his position with competent proof . . . . His failure to do so resulted not only in a deficient prima facie showing, but also resulted in a complete absence of evidence from which the court could conclude that Defendant had the 'actual notice' required for a finding that service is 'purported to have been made' pursuant to K.S.A. 60-203(b).

9

Plaintiff argues Defendant had actual notice because he filed an answer. Defendant's counsel stated at oral argument, however, that they only filed an answer because Plaintiff's counsel sent them an affidavit of service. This affidavit of service may have placed Defendant's counsel on notice, but it did not necessarily place Defendant on notice. See Grimmett, 906 P.2d at 161 (explaining that knowledge of attempted invalid service by defendant's attorney does not constitute substantial compliance or indicate defendant knew of service); see also id. at 163-64 (some limits to the application of § 60-203(b) must exist or the Kansas service rules will be rendered completely meaningless). Therefore, the district court did not abuse its discretion when it found Plaintiff was unable to prove Defendant received actual notice of suit.

The remaining Grimmett factors are extraneous because Plaintiff fails to show Defendant received actual notice of suit. Nevertheless, we shall briefly discuss why Plaintiff fails to satisfy those factors as well. Following actual notice, Grimmett requires a plaintiff to show that his attempted service had the appearance of being valid. 906 P.2d at 164. The court in Grimmett explained that "the only method we know to give service an appearance of being valid is to examine the return and, if it appears from the return that defendant was personally served, then the service has the 'appearance' of having been valid." Id. Again, Plaintiff has not provided any evidence demonstrating why his reliance on the return receipt was justified. Plaintiff failed to follow Kansas law by requesting restricted delivery, the signature on the receipt was illegible, and Defendant

10

denies signing the receipt. As such, the district court did not abuse its discretion in finding that the return did not appear valid.

Grimmett also requires a plaintiff to show he had a good faith belief his service was valid, and that he relied on its validity to his detriment. Id. As the district court reasoned, Plaintiff did not have a good faith belief his service was valid because Defendant raised insufficient service of process as an affirmative defense in his answer. If Plaintiff read the answer, he would have immediately noticed his service was being contested.[2]

Finally, Grimmett requires a plaintiff to demonstrate he "had no reason to believe [defendant] was contesting service until after the statute of limitations had run, [and] had no opportunity to take steps to correct the defective service." 906 P.2d at 164. As mentioned, Defendant notified Plaintiff in his answer he was disputing service. We also note that Plaintiff had ample opportunity to correct his defective service. Defendant filed his answer on August 1, 2001, and Plaintiff had seven weeks, or until September 19, 2001, to properly serve Defendant. Plaintiff argues he met with defense counsel on several occasions and they never informed him they were disputing service. Defendant's counsel, however, had no obligation to inform Plaintiff that he failed to comply with

---

[2] Plaintiff argues that some Kansas courts have applied § 60-203(b) even though insufficiency of process was raised as an affirmative defense in the answer. See Vogeler v. Owen, 763 P.2d 600, 602-03 (Kan. 1998) and Yoh, 27 P.3d at 929-30. These cases are unavailing to Plaintiff because neither the Kansas Supreme Court in Vogeler, nor the Kansas Court of Appeals in Yoh, addressed the actual substance of § 60-203(b).

11

Kansas law.  Defendant complied with all rules of procedure and deadlines set by the court in this matter.

Because the district court did not abuse its discretion in denying Plaintiff's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), its judgment is AFFIRMED

Entered for the Court,


Bobby R. Baldock
Circuit Judge