IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 108,747

In the Matter of the Estate of KENNETH LEE BUTLER, Deceased.

SYLLABUS BY THE COURT

On the facts of this case, an allocation order issued by a pro tem district court judge in a probate matter was final and appealable under K.S.A. 2012 Supp. 59-2401(b) and K.S.A. 60-2102(a)(4), and failure to file a timely appeal eliminated any interest the decedent's father possessed in the assets of his son's estate. Under these circumstances, the district judge did not abuse his discretion by refusing to allow a late appeal for excusable neglect by the father's estate, which was based on failure of notice of proceedings leading to an order of partial distribution of estate assets.

Review of the judgment of the Court of Appeals in 49 Kan. App. 2d 335, 307 P.3d 262 (2013). Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed February 20, 2015. Judgment of the Court of Appeals dismissing appeal is reversed and appeal is reinstated. Judgment of the district court is affirmed.

*Jadh J. Kerr*, of Speer & Holliday, LLP, of Olathe, argued the cause, and *Barry D. Martin*, of the same firm, and *Diane D. Durbin*, of Horn Aylward & Bandy, LLC, of Kansas City, Missouri, were with her on the briefs for appellant Judy Butler McHenry, Administrator of the Estate of Leo E. Butler.

*Bruce Hanson*, of Oskaloosa, argued the cause and was on the briefs for appellee Estate of Kenneth Lee Butler, Franklin Burch Administrator.

1

The opinion of the court was delivered by

BEIER, J.: This case turns on whether an allocation order and subsequent orders refusing to set it aside, issued in a Wyandotte County probate matter in 2007 and 2008, were final orders appealable within 30 days. We hold that they were and thus ultimately affirm the result in the district court that denied relief to the estate of the decedent's father.

The probate allocation order selected a Colgate-Palmolive Company severance package on behalf of Kenneth Lee Butler, who was employed at the company's closing Kansas City plant at the time he died intestate in October 2006. The order also divided Colgate-Palmolive's obligations under the selected severance package between Kenneth's father, Leo, and Kenneth's estate. After a federal court interpleader proceeding filed by the administrator of Leo's estate, the amounts allocated by the state pro tem district judge in the probate matter were left intact: $63,640.50 for Leo's estate and $176,359.50 for Kenneth's estate. There was no state court appeal from the allocation order. Nor did Leo or his estate ever file a demand against Kenneth's estate in the state probate proceeding.

Four years after the denial of Leo's motion to set aside the allocation order, Kenneth's son and only heir, Franklin Burch, successfully sought a partial distribution from Kenneth's estate. Leo's estate attempted a late appeal of the order of partial distribution, arguing excusable neglect from lack of notice. The district court judge disallowed the late appeal, ruling that Leo's estate had no interest in Kenneth's estate to pursue. Leo's estate filed a timely appeal from that order.

A panel of our Court of Appeals ultimately dismissed the appeal for lack of jurisdiction, although, along the way, it addressed the propriety of the district court's ruling on the late appeal from the partial distribution order. *In re Estate of Butler*, 49 Kan.

2

App. 2d 335, 307 P.3d 262 (2013). This court granted the petition for review filed by Leo's estate.

ADDITIONAL FACTUAL AND PROCEDURAL BACKGROUND

Under the Colgate-Palmolive severance program, Kenneth could have selected from one of two options: (1) he could receive a lump sum payment of $127,281 pension benefit under the Colgate-Palmolive Employees' Retirement Income Plan and severance pay of $54,743, or (2) he could forego the lump sum pension benefit and severance pay and instead receive a lump sum "enhanced pension" payment of $240,000. Kenneth had not made a selection before his death.

Leo and his wife, Jenny, were named as 50/50 beneficiaries for Kenneth's pension benefit under the retirement income plan. Jenny died before Kenneth. There was no named beneficiary for any severance payment.

Through an email to Burch's counsel, a Colgate-Palmolive representative informed Burch about the two options that had been available to Kenneth and requested instruction on how to proceed.

"Had he been actively employed at the time of [Colgate-Palmolive's] Kansas City plant closing in December 2006, [Butler] would have had the following option: (i) to elect his lump sum Personal Retirement Account, which amounts to approximately $127,000, and severance [pay] in the amount of $54,000 (for a total of $182,000), or (ii) to forego his PRA and any severance, and instead elect a lump sum payment of $10,000 per year of service, which, given his 24 years of service, amounts to $240,000. This amount is paid out of the Company's pension plan as an enhanced pension. In order to receive either option, Mr. Butler would have been required to sign a general waiver and release, which, as we discussed, the estate will now execute.

3

"Mr. Butler's father is named as the beneficiary for pension purposes. Thus, depending on which election is made by Mr. Butler's estate, the Company will disburse the money to the appropriate party (the estate in the case of severance; Mr. Butler's father in the case of pension). Please let me know which option the estate will elect, and we can proceed accordingly."

In May 2007, Burch filed a "Petition for Determination and Allocation of Severance Benefits" with the district court. In the petition, Burch informed the court generally about the two Colgate-Palmolive options and stated that, as administrator of Kenneth's estate, he was "seeking a Court determination of which election to make, and the beneficiary/allocation to each party, either [Leo], or the Estate, or divided between [Leo] and the Estate." The pro tem district judge held a hearing on Burch's petition, at which Burch's counsel said Leo had been served with a copy of the petition and had notice of the hearing. Leo did not appear in person or through counsel.

On the same day as the hearing, the judge issued an "Order Determining Allocation of Severance and Pension Benefits of Colgate-Palmolive Company," *i.e.*, the allocation order. She identified the two severance program options and ruled that Jenny's 50 percent share lapsed when she predeceased Kenneth. As a result, Jenny's 50 percent flowed to Kenneth's estate. The judge also ruled that Leo, as named beneficiary of the other 50 percent of Kenneth's pension, was entitled to $63,640.50 of the $240,000 available under the second Colgate-Palmolive option, leaving $176,359.50 for Kenneth's estate. The judge characterized the payment due Kenneth's estate as "severance pay."

On July 9, 2007, counsel for Leo entered an appearance in the probate matter, and, on August 27, 2007, Leo filed a motion to set aside the court's allocation order. Leo argued that (1) the allocation order was void because the Colgate-Palmolive pension plan was governed by the federal Employee Retirement Income Security Act of 1974

4

(ERISA), and the district court lacked subject matter jurisdiction to address the allocation of benefits; (2) Burch failed to follow the proper procedure for seeking to enforce beneficiary rights under an ERISA plan; (3) the order disregarded the plan administrator's discretion in allocating benefits; and (4) the order was inconsistent with the plan options.

Burch argued in his response to the motion that Leo had confused subject matter jurisdiction and choice-of-law principles. In addition, Burch asserted that Leo's argument about the incorrect application of state law instead of federal law had been waived because Leo failed to file a notice of appeal within 30 days of the district court's order. According to Burch, Leo was "attempting to substitute a Motion to Set Aside for a properly docketed notice of appeal."

The judge denied Leo's motion, ruling that Leo had received notice of the hearing on Burch's petition but "voluntarily chose not to appear at said hearing in person or provide the court with any pleadings or documentation indicating his objection to the court's ultimate findings." The judge also stated that Leo's attorney had entered her appearance on Leo's behalf "well within the [30]-day time for appeal of the court's [allocation] order." On Leo's jurisdictional challenge, the court ruled:

> "The court, under the circumstances existing in this case, had concurrent jurisdiction with the Federal Court to hear and determine the issues contained herein. The issue of whether the trial court utilized the proper law required by ERISA in making a determination of the allocation of these benefits is one which, if the movant felt aggrieved by, must have been pursued by the movant in an appeal to the Kansas Court of Appeals and is not properly the subject, two months after the order is entered of a motion to set same aside pursuant to K.S.A. 60-260. Again, as argued by the petitioner, K.S.A. 60-260 is not properly utilized in a matter in which there is a specific statutory provision setting forth the time limits within which a notice of appeal must be filed which in this case [is] set out in K.S.A. 60-2103, when the failure to act pursuant to the provisions of this latter statute is voluntary or is the result of negligence."

The judge slightly amended the order nearly 5 months later but did not disturb the rulings described above.

Nearly 4 years later, Burch filed a petition for partial distribution, seeking $120,000 from Kenneth's estate. In the petition, Burch requested a finding that notice to others and a live hearing on the petition were unnecessary because Burch was the sole heir who would be affected and there were no outstanding or pending demands filed against the estate. The partial distribution was approved on April 18, 2012.

Almost 2 months later, Leo's estate sought to appeal the partial distribution order. The estate also challenged the allocation order and "all other rulings and orders on all issues related thereto." The estate argued that the tardiness of its appeal from the partial distribution order should be forgiven as excusable neglect because it had not been provided timely notice of the petition for partial distribution or a copy of the partial distribution order.

No order memorializing the district court's August 14, 2012, ruling on Leo's estate's motion to extend the time for filing an appeal of the partial distribution order appears in the numbered pages of the Table of Contents of the record on appeal. The first volume of the record simply includes a loose, single-sheet photocopy of the ruling. That being said, the parties do not dispute the ruling's content, and the Court of Appeals quoted from it. We therefore rely on the unnumbered photocopy as well.

In the ruling, the district court acknowledged that Leo's estate had not received notice and that typically such a failure would support a ruling of excusable neglect allowing a late appeal. But,

6

"in this case, such a holding is not that simple. [Leo's estate] is not an interested party as it pertains to the Order of Partial Settlement. [Leo's estate] is wishing to appeal an order entered by the Court May 21, 2008. That order dealt with the allocation of certain severance and pension benefits of Colgate-Palmolive as and between [Leo] and the Estate of Kenneth Butler. The Court ruled on this matter in 2008, and no appeal was taken from those rulings. [Leo's estate] now maintains that the Order of Partial Distribution begins the appeal time on those rulings. This Court does not agree. A review of K.S.A. 60-2103 persuades this Court that the ruling made by the Court in 2008 was a final order as to the rights of [Leo] and that appeal from th[at] ruling had to have been filed within 30 days of May 21, 2008. Nothing in the record indicates any excusable reason for delay in doing so and as such [Leo's estate] at this time is beyond the statute as to time for appeal."

Leo's estate filed a timely appeal from this ruling. Before the Court of Appeals, Leo's estate argued that it was still an interested party at the time of the order of partial distribution because it was entitled to retirement benefits held in Kenneth's estate. Leo's estate also repeated Leo's earlier arguments that the allocation order was void because the pro tem district judge divided Kenneth's retirement benefits according to state probate law instead of federal ERISA law and that the judge divided the benefits in a manner contrary to the terms of the Colgate-Palmolive plan.

The Court of Appeals began its discussion by stating, correctly, that it was necessary to determine its own jurisdiction over the appeal first. As it observed, all Kansas appellate jurisdiction is statutory and subject to time limits. And an appellate court that lacks jurisdiction is bound to dismiss an appeal. *Butler*, 49 Kan. App. 2d at 339 (citing *In re T.S.W.*, 294 Kan. 423, 432, 276 P.3d 133 [2012]).

The Court of Appeals then took a wrong turn, however. It focused on whether it would have had jurisdiction over the late appeal of Leo's estate from the order of partial distribution and the underlying issue of whether the estate had any interest in Kenneth's estate in 2012 when the partial distribution order was issued. It did not focus on whether

7

it had appellate jurisdiction over the timely appeal of Leo's estate from the August 2012 ruling of the district court rejecting the untimely appeal from the April 2012 order of partial distribution. The confusing procedural history of this case made the error understandable, but the Court of Appeals erred when it ruled that it lacked appellate jurisdiction and must dismiss. We therefore hold, on petition for review, that Leo's estate's appeal must be reinstated.

Having said that, we could remand this case to the Court of Appeals to address the merits of the ruling on the motion to allow the late appeal of the order of partial distribution. See, *e.g.*, *Barnes v. Board of Cowley County Comm'rs*, 293 Kan. 11, 28, 259 P.3d 725 (2011). But that step is unnecessary in this case, because the controlling facts are undisputed and the Court of Appeals, despite its ostensible jurisdiction-based dismissal, discussed much of the law governing the merits of the appeal. We can therefore determine at this point whether the panel's other legal rulings were correct and whether the district court abused its discretion in refusing to allow the late appeal on the basis of excusable neglect. See *Bank of Whitewater v. Decker Investments, Inc.*, 238 Kan. 308, 315, 710 P.2d 1258 (1985) (abuse of discretion standard of review on excusable neglect); see also *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 169, 298 P.3d 1120 (2013) (error of law by district judge one way to establish abuse of discretion).

The Court of Appeals panel interpreted language from an amendment to K.S.A. 59-2401, which became effective July 1, 2006. Under that language, the panel ruled, subsection (a) of K.S.A. 2012 Supp. 59-2401 did not apply, and subsection (b) of K.S.A. 2012 Supp. 59-2401 did. Subsection (b) made the civil code applicable to appeals from the district courts to the appellate courts in decedent's estate cases. Under K.S.A. 60-2102(a)(4), appeals as of right could be taken only from final decisions in the district court; and K.S.A. 60-2103 set a 30-day time limit for such appeals. The Court of Appeals ultimately agreed with the district court that the allocation order had been final and that

8

Leo needed to appeal it within 30 days to maintain an interest in the assets in Kenneth's estate. *Butler*, 49 Kan. App. 2d at 340-42, 345-46 (rejecting earlier panel's construction of 2006 amendment in *In re Estate of Barfoot*, No. 98,892, 2008 WL 4661911 [Kan. App. 2008] [unpublished opinion]). Because Leo failed to attempt a state court appeal within 30 days, he had sacrificed any interest he may have had in the assets in Kenneth's estate long before April 2012, when the district court issued its partial distribution order. The absence of any interest meant that Leo's estate was not entitled to notice and could not file a late appeal based on excusable neglect. 49 Kan. App. 2d at 346.

Leo's estate listed seven overlapping issues in its petition for review from the Court of Appeals' decision: (1) and (2) whether the Court of Appeals panel erred in holding that the allocation order was final and appealable; (3) and (4) whether the panel applied the wrong version of K.S.A. 59-2401; (5) whether the panel erred when it held that an appeal of a probate order from a district court to an appellate court shall be taken in the manner provided by Chapter 60 of the Kansas Statutes Annotated; (6) whether the panel erred by holding that Leo's estate had no interest in the assets of Kenneth's estate; and (7) whether the panel erred when it concluded that Leo failed to file a timely appeal of the allocation order.

DISCUSSION

Despite the list of seven issues in the petition for review, the answer to just one question dictates our disposition of this appeal, *i.e.*, our decision whether the district judge made an error of law and thus abused his discretion by refusing to allow a late appeal of the order of partial distribution. The question is: Was the allocation order—or the last ruling refusing to set it aside—final and thus appealable within 30 days?

9

The finality of a district court probate order and the appropriateness and timing of an appeal from it raise questions of statutory interpretation subject to unlimited review by an appellate court. *In re Estate of Pritchard*, 37 Kan. App. 2d 260, 276-77, 154 P.3d 24 (2007).

Both the district court and the Court of Appeals panel correctly understood that the allocation order and the rulings refusing to set it aside were at the heart of this appeal. If appealable within 30 days, then Leo's failure to pursue such an appeal deprived him of any further interest in the assets of Kenneth's estate. There was no such appeal and no later Chapter 59 demand. This meant Leo's estate had no interest by the time the partial distribution was sought and ordered, and no late appeal from those proceedings would be allowable.

The Court of Appeals, despite occasionally saying that the plain language of K.S.A. 2012 Supp. 59-2401 governed, appeared to engage in a fairly elaborate examination of the 2006 amendment's history and substantive background considerations to determine the statute's meaning. See *Butler*, 49 Kan. App. 2d at 342-343. We agree with its determination that subsection (b) rather than subsection (a) would have applied to any appeal from the pro tem district judge's allocation order and the rulings refusing to set it aside, but we arrive at agreement with this point by means of a less circuitous route. In short, the plain language of the statute governs. It provides:

> "(a) *An appeal from a district magistrate judge to a district judge* may be taken no later than 30 days from the date of entry of any of the following orders, judgments or decrees in any case involving a decedent's estate:
>
> (1) An order admitting or refusing to admit a will to probate.
> (2) An order finding or refusing to find that there is a valid consent to a will.

10

(3) An order appointing, refusing to appoint, removing or refusing to remove a fiduciary other than a special administrator.

(4) An order setting apart or refusing to set apart a homestead or other property, or making or refusing to make an allowance of exempt property to the spouse and minor children.

(5) An order determining, refusing to determine, transferring or refusing to transfer venue.

(6) An order allowing or disallowing a demand, in whole or in part, when the amount in controversy exceeds $5,000.

(7) An order authorizing, refusing to authorize, confirming or refusing to confirm the sale, lease or mortgage of real estate.

(8) An order directing or refusing to direct a conveyance or lease of real estate under contract.

(9) Judgments for waste.

(10) An order directing or refusing to direct the payment of a legacy or distributive share.

(11) An order allowing or refusing to allow an account of a fiduciary or any part thereof.

(12) A judgment or decree of partial or final distribution.

(13) An order compelling or refusing to compel a legatee or distributee to refund.

(14) An order compelling or refusing to compel payments or contributions of property required to satisfy the elective share of a surviving spouse pursuant to K.S.A. 59-6a201 et seq., and amendments thereto.

(15) An order directing or refusing to direct an allowance for the expenses of administration.

(16) An order vacating or refusing to vacate a previous appealable order, judgment, decree or decision.

(17) A decree determining or refusing to determine the heirs, devisees and legatees.

(18) An order adjudging a person in contempt pursuant to K.S.A. 59-6a201 et seq., and amendments thereto.

11

(19) An order finding or refusing to find that there is a valid settlement agreement.

(20) An order granting or denying final discharge of a fiduciary.

(21) Any other final order, decision or judgment in a proceeding involving a decedent's estate.

"(b) *An appeal from the district court to an appellate court* taken pursuant to this section shall be taken in the manner provided by chapter 60 of the Kansas Statutes Annotated for other civil cases." (Emphases added.) K.S.A. 2012 Supp. 59-2401.

Subsection (a) states clearly that it is applicable to appeals taken from magistrate judges to district judges. Subsection (b) states clearly that it is applicable to appeals from the district court to the appellate court. When a statute's language is plain and unambiguous, we interpret it and apply it as drafted by the legislature and do not indulge in statutory construction. See *In re Estate of Strader*, 301 Kan. __, 339 P.3d 769, 773 (2014). Subsection (a) is simply irrelevant to the question before us in this case because we are not examining the possibility of an appeal from a magistrate judge to a district judge. Anything said in any prior decision of the Court of Appeals that would lead to a contrary conclusion is expressly rejected.

But this is not to say that the subject matter of orders subject to appeal under the various constituent categories of (a) or the degree of such orders' finality will never resemble those orders subject to appeal under (b). Indeed, we observe, on finality alone, that K.S.A. 2012 Supp. 59-2401(a)(21) specifically contemplates appeal from a magistrate judge to a district judge on "[a]ny other final order, decision or judgment in a proceeding involving a decedent's estate." But we need not and do not decide the effect of overlap or similarity between appeals under subsection (a) and subsection (b) today. That is grist for the mill on another day in another case or for possible legislative clarification in the meantime.

12

Returning to what *is* before us today, under the authority of K.S.A. 2012 Supp. 59-2401(b) and its reference to Chapter 60, including K.S.A. 60-2102(a)(4), we agree with the Court of Appeals and the district court that the allocation order and the orders refusing to set it aside finally determined the existence or nonexistence of Leo's interest in the assets of Kenneth's estate. An appeal as of right from a final order had to be taken within 30 days to preserve Leo's right to complain that he had a right to additional money from the Colgate-Palmolive plan. See K.S.A. 60-2103.

This court has explained:

"The term 'final decision' has been construed to mean ""'one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court."'" *State ex rel. Board of Healing Arts v. Beyrle*, 262 Kan. 507, 941 P.2d 371 (1997) (quoting *Gulf Ins. Co. v. Bovee*, 217 Kan. 586, 587, 538 P.2d 724 [1975]). This court has noted the term ""'final decision' is really self-defining. Obviously it is an order which definitely terminates a right or liability involved in the action, or which grants or refuses a remedy as a terminal act in the case."' *Honeycutt v. City of Wichita*, 251 Kan. 451, 457, 836 P.2d 1128 (1992) (quoting 2 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-2102, Comments [1979])." *Flores Rentals v. Flores*, 283 Kan. 476, 481-82, 153 P.3d 523 (2007).

We reject the argument of Leo's estate that the allocation order did not qualify as final because it did not dispose of "the entire merits of the probate estate." That was not necessary. As the Court of Appeals stated, "no future action" by the district court was required to dispose of issues arising out of the Colgate-Palmolive plan. See *Butler*, 49 Kan. App. 2d at 345. Leo was not otherwise an heir, a claimant, or other party to the probate proceedings. The allocation order and its subsequent reinforcement in the order and amended order denying Leo's motion to set it aside "definitely terminate[d] a right or

13

liability involved in the action." See *Flores*, 283 Kan. at 482. Any uncertainties that gave rise to the allocation order were addressed and resolved and would not be revisited in district court. The finality of the order means that the collateral order doctrine, a narrow exception to the finality requirement mentioned by the Court of Appeals panel in its opinion, has no potential application here. See *In re T.S.W.*, 294 Kan. at 434.

Under these circumstances, Leo had to take a timely appeal to preserve his interest. It is undisputed that Leo never attempted to pursue a timely appeal of the allocation order in state court. Because Leo failed to act when action was required, his estate cannot resurrect his disagreement with the pro tem district judge's allocation order now.

Given the authorities and analysis above, we do not reach the merits of Leo's estate's argument before the district court and the Court of Appeals that the allocation order was void or otherwise in error. Leo's estate is not properly before the court and in a position to advance those arguments, even those among them that can be raised at any time. See K.S.A. 2012 Supp. 60-260(b)(4); *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013) (void judgment nullity that may be vacated at any time; yet must be raised in proper procedural vehicle); *Vogeler v. Owen*, 243 Kan. 682, 685, 763 P.2d 600 (1988) (K.S.A. 60-260[b] not provided to relieve party from free, calculated, and deliberate choice; party remains under duty to take legal steps to protect interests).

CONCLUSION

The dismissal of this appeal by the Court of Appeals panel is reversed and the appeal is reinstated. Because the estate of Leo E. Butler had no interest to preserve when the order of partial distribution was issued, it was not entitled to notice and could not rely

14

on failure of notice to take a late appeal from that order. The district court judge did not abuse his discretion in so ruling, and the district court judgment is affirmed.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 108,747 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals.