NOT DESIGNATED FOR PUBLICATION

No. 122,612

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
RICHARD K. MCALLISTER,
*Appellant*,

and

EUGENIA M. MCALLISTER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DAVID W. HAUBER, judge Opinion filed August 6, 2021. Appeal dismissed.

*William C. Odle*, of McDowell, Rice, Smith & Buchanan, P.C., of Kansas City, Missouri, for appellant.

*Ronald W. Nelson* and *Ashlyn L. Yarnell*, of Ronald W. Nelson, PA, of Overland Park, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

PER CURIAM: A party may invoke this court's appellate jurisdiction as a matter of right from a final decision in any action. K.S.A. 2020 Supp. 60-2102(a)(4). A final decision is one that finally decides and disposes of the entire merits of the controversy and reserves no other questions or directions for the future or further action of the court. *In re Estate of Butler*, 301 Kan. 385, 395, 343 P.3d 85 (2015). Because Richard K. McAllister's divorce action was not final when the district court set aside the default decree of divorce previously entered, we lack jurisdiction over this appeal.

1

FACTUAL AND PROCEDURAL HISTORY

This is a divorce action filed by Richard, currently residing in Kansas, and Eugenia M. McAllister, currently living in Switzerland. The merits of the case before us center on whether the Kansas courts have personal jurisdiction over Eugenia. After the district court entered a default judgment, Eugenia moved to set it aside on three grounds: (1) Richard had not established his own residency in Kansas to grant the court subject matter jurisdiction over the divorce; (2) she lacked sufficient contacts in Kansas for the court to exercise personal jurisdiction over her; and (3) Richard had not personally served her with process as required by the Hague Convention on the Service of International Process.

The district court granted Eugenia's motion to set aside the default judgment in December 2019. The court found that it had subject matter jurisdiction, because Richard had sufficiently established his residency in Kansas, but it lacked personal jurisdiction over Eugenia. The order concluded:

> "While the Court has subject-matter jurisdiction over the [case], it lacks personal jurisdiction over respondent. Without personal jurisdiction, it may not enter any orders relating to maintenance or property outside of Kansas. The Journal Entry and Decree of Divorce . . . must be set aside. Respondent's motion to set aside judgment is hereby **GRANTED**."

The court based its decision on Eugenia's lack of contacts with Kansas and did not rule on whether service of process was proper—although it assumed that it was proper.

Richard timely appealed the December 2019 order setting aside the decree of divorce.

ANALYSIS

Before addressing the merits of the district court's finding that it lacked personal jurisdiction over Eugenia, we have a duty to examine our own jurisdiction. See *State v. Garcia-Garcia*, 309 Kan. 801, 806, 441 P.3d 52 (2019) (holding that a jurisdictional question may be raised sua sponte by the appellate court). We put the parties on notice of our concerns and asked them in advance to address the issue at oral argument, which they did.

The right to appeal is statutory in Kansas. Subject to certain exceptions, appellate courts have jurisdiction to entertain an appeal only if the party files the appeal in the manner prescribed by statute. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). A party may invoke this court's appellate jurisdiction as a matter of right from a final decision in any action. K.S.A. 60-2102(a)(4). A final decision is one that finally decides and disposes of the entire merits of the controversy and reserves no other questions or directions for the future or further action of the court. *In re Estate of Butler*, 301 Kan. at 395. There is a strong policy against piecemeal appeals in Kansas. *AMCO Ins. Co. v. Beck*, 258 Kan. 726, 728, 907 P.2d 137 (1995).

Here, after the court set aside the default judgment, there was still an active case pending. As the district court stated in its order: "When personal jurisdiction over a party is lacking in a divorce action, a Kansas court may only decide the status of the parties and of any marital property within Kansas' borders." This was a correct statement of the law. The only jurisdiction is in rem jurisdiction. But in rem jurisdiction still allows the district court to grant a divorce, even if there were no marital property in Kansas. *In re Marriage of Salas*, 28 Kan. App. 2d 553, 556, 19 P.3d 184 (2001) (finding district court's in rem

jurisdiction permits the court to "decide the status of the parties, *i.e.*, whether they were to remain married or be divorced").

The Kansas Supreme Court addressed a similar issue in *Bates & Son Construction Co. v. Berry*, 217 Kan. 322, 324-25, 537 P.2d 189 (1975), when the court held that the district court's

> "order vacating the default judgment against Berry and permitting Berry to file an answer and cross petition leaves this cause still pending before the trial court. The court's ruling did not constitute a final determination of the matters in litigation; it did not constitute a final judgment from which an appeal could be taken."

The situation here is the same as in *Bates*. The district court set aside the decree of divorce, but the divorce action is still pending. The district court still has at least two options. It can dismiss the case for lack of personal jurisdiction, or it can enter judgment solely on the divorce and distribute any marital property in Kansas if it otherwise has in rem jurisdiction. Without such a final order, the case is not concluded. Because there is no final order which would establish this court's jurisdiction to hear the appeal, we must dismiss it.

Appeal dismissed.

4