NOT DESIGNATED FOR PUBLICATION

No. 124,888

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVEN STRAUSS, d/b/a
Classic Tree Care,
*Appellant*,

v.

RICK RIDDLE,
*Appellee.*

MEMORANDUM OPINION

Appeal from Johnson District Court; DANIEL W. VOKINS, magistrate judge. Opinion filed January 20, 2023. Appeal dismissed.

*Steven Strauss*, appellant pro se.

*Lee R. Hardee III*, of The Hardee Law Firm LLC, of Kansas City, Missouri, for appellee.

Before ISHERWOOD, P.J., ATCHESON, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM:  In this Chapter 61 limited action, Steven Strauss, doing business as Classic Tree Care, sued Rick Riddle after he refused to pay on a contract for removing a large tree that had fallen on his house. Strauss and Riddle presented various claims and counterclaims to the Johnson County District Court. In a bench trial in May 2021, the district court found for Strauss and awarded him $8,500, as the agreed-upon amount for removing the tree, and denied Riddle's counterclaims. In the journal entry, the district court expressly reserved ruling on Strauss' claim for attorney fees and stated the decision on the contract was not a final order.

1

Through that stage of the case, both Strauss and Riddle were represented by lawyers. With the district court's permission, Strauss' lawyer withdrew, and Strauss has since represented himself.

Strauss filed a motion expanding the grounds on which he sought attorney fees and increasing the requested amount. Riddle responded. Strauss has appealed and represents the district court held a hearing and denied his motion. But the record includes neither a transcript of the hearing (and, thus, the district court's oral ruling) or an order denying Strauss' request for attorney fees. Rather, Strauss relies exclusively on a "Bench Notes" summary dated January 6, 2022, that appears in the Register of Action.

The register is a chronological list the clerk of the district court compiles showing in summary fashion what pleadings and other papers the parties have filed, hearings held, orders issued, and other case events. It is not, however, a substitute for what is listed there or what should be filed. So, for example, the notation in the Register of Action that a petition has been filed or an answer received is not the legal equivalent of those pleadings, and we cannot consider the notation in their place in deciding an appeal. The same is true of the district court's purported resolution of the attorney fees motion. We cannot substitute the summary in the Register of Actions for a transcript of a bench ruling or a properly filed journal entry.

And that has significant ramifications for this appeal. Our appellate jurisdiction must rest on a statutory grant of authority allowing us to go forward. *Wiechman v. Huddleston*, 304 Kan. 80, 88, 370 P.3d 1194 (2016); *Hernandez v. Pistotnik*, 60 Kan. App. 2d 393, Syl. ¶ 1, 494 P.3d 203 (2021). As provided in K.S.A. 61-3901(a), a party in a Chapter 61 action may appeal from a final judgment. The statute identifies three other bases for appeal that plainly do not apply here. A final judgment is one that resolves "the entire merits of the controversy" and leaves nothing further to be decided. *State ex rel. Board of Healing Arts v. Beyrle*, 262 Kan. 507, Syl. ¶ 2, 941 P.2d 371 (1997); see *In re*

2

*Estate of Butler*, 301 Kan. 385, 395, 343 P.3d 85 (2015). The record in this case contains no final judgment from the district court. In the absence of such a judgment, we lack jurisdiction to consider this appeal. Our only course is to dismiss Strauss' appeal. See *Kaelter v. Sokol*, 301 Kan. 247, 247-48, 340 P.3d 1210 (2015); *Hernandez*, 60 Kan. App. 2d 393, Syl. ¶ 1.

Appeal dismissed for lack of jurisdiction.