NOT DESIGNATED FOR PUBLICATION

No. 126,061

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

B.L.,
*Appellee*,

and

S.L.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Cheyenne District Court; SCOTT SHOWALTER, judge. Submitted without oral argument. Opinion filed April 26, 2024. Affirmed in part and dismissed in part.

*Tessa French*, of Miller & French, LLC, of Liberal, for appellant.

*Andrew J. Walter*, of Walter, Walter & Peterson, of Norton, for appellee.

Before COBLE, P.J., GREEN, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM:  B.L. and S.L. were parties to a divorce action, at the conclusion of which the district court issued a decree of divorce detailing the division of the couple's property and the custody and parenting time of their minor children. S.L. sought relief from judgment under K.S.A. 2022 Supp. 60-260, arguing B.L. did not tell the truth when testifying in court, the district court did not divide the parties' property and debt equitably, and he should be allowed additional summer parenting time with the children. The district court denied S.L.'s motion. S.L. now appeals, claiming the district court failed to properly consider all the statutory factors when dividing the property and debts

1

and determining parenting time. After reviewing the record, we have determined we lack jurisdiction over the review of the divorce decree and, therefore, dismiss the appeal regarding the divorce decree itself and affirm the district court's order denying S.L.'s motion for relief from judgment.

FACTUAL AND PROCEDURAL BACKGROUND

B.L. petitioned for divorce from S.L. in Cheyene County District Court. B.L. and S.L. agreed to a mediator to facilitate a resolution in all issues pertaining to the divorce, including custody and parenting time of the children and the division of real and personal property. The parties were able to reach an agreement on the custody and parenting time of their minor children, although B.L. later filed a motion to enforce the resulting mediation agreement, which the district court approved as the permanent parenting plan. However, not all issues were resolved during mediation and the matter proceeded to trial.

The district court held the divorce trial on August 29, 2022, hearing testimony from both parties and the children's therapist and admitting and reviewing multiple exhibits. Both parties were represented by counsel. On September 7, 2022, the district court issued a decree of divorce that included the ordered child custody and parenting time and the division of the parties' property and debts, along with an attached child support worksheet and property and debts division table. Thirty days later, S.L. filed a motion seeking relief from the Decree of Divorce under K.S.A. 2022 Supp. 60-260(b)(1),(3) and (6), to which B.L. objected. The district court denied the motion for relief from judgment on November 17, 2022, finding "no evidence . . . support[ed] a violation of K.S.A. 60-260(b)(1)."

On December 16, 2022, S.L. filed a notice of appeal "from all adverse rulings" of the district court, but specifically "the orders issued on September 7, 2022 and November

2

17, 2022"—the decree of divorce and the district court's order denying his K.S.A. 60-260 motion.

As a threshold matter, B.L. raises a jurisdictional challenge arguing we cannot review this case because S.L.'s posttrial motion did not extend the time to appeal, and his appeal—filed more than three months after the court's decree—is untimely. Whether jurisdiction exists is a question of law, subject to our unlimited appellate review. *City of Wichita v. Trotter*, 316 Kan. 310, 312, 514 P.3d 1050 (2022).

*We have jurisdiction only to review the denial of the K.S.A. 60-260 motion.*

B.L. agrees S.L.'s motion for relief from judgment under K.S.A. 2022 Supp. 60-260 was timely filed before the district court, but correctly argues K.S.A. 2022 Supp. 60-260 does not extend his time to file an appeal from the district court's decree of divorce. S.L. makes no reference in his posttrial motion to K.S.A. 2022 Supp. 60-259—governing a motion to alter or amend a judgment—which, unlike K.S.A. 2022 Supp. 60-260, would have conceivably tolled the time for filing an appeal. See *In re Estate of Lentz*, 312 Kan. 490, 497, 476 P.3d 1151 (2020) (A motion to alter or amend judgment, filed within 28 days of the entry of judgment, tolls the time for appeal.).

S.L. neither addresses this issue in his appellate brief nor did he file a reply brief rebutting B.L.'s arguments. As a result, it is undisputed that S.L.'s motion was presented and decided under K.S.A. 2022 Supp. 60-260, and we review the timeliness issue only under the requirements of K.S.A. 2022 Supp. 60-260.

Because S.L. filed his motion for relief from judgment under K.S.A. 2022 Supp. 60-260(b) within 30 days of the filing of the decree, his motion for relief from judgment

to the district court was timely. K.S.A. 2022 Supp. 60-260(c)(1). But this does not save his appeal of the divorce decree. Statutes governing appellate procedure, namely K.S.A. 2022 Supp. 60-2103(a), require an appeal to be filed within 30 days from the entry of judgment. This same statute also provides a list of posttrial motions that toll the time for appeal, but this list does not include a motion under K.S.A. 60-260. Although S.L.'s motion for relief from judgment was timely, the motion did not toll the time for him to file an appeal from the district court's decree of divorce. And since S.L.'s appeal of the district court's decree of divorce was filed over three months after the decree was filed, his appeal of the decree of divorce was untimely. We, then, lack jurisdiction to review his appeal of the district court's decree of divorce. See *In re Estate of Butler*, 301 Kan. 385, 390, 343 P.3d 85 (2015) (citing that all Kansas appellate jurisdiction is statutory and subject to time limits, and an appellate court that lacks jurisdiction is bound to dismiss an appeal).

But S.L. also appealed "from all adverse rulings in the District Court . . . to include but not limited to the orders issued on September 7, 2022, *and November 17, 2022 . . . .*" (Emphasis added.) And, his appeal was filed within 30 days of the district court's November 17, 2022 order denying his motion for relief. Because S.L. specified that he is appealing not only the decree of divorce but also the district court's order denying his K.S.A. 60-260 motion, we still retain jurisdiction to review the latter.

THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION
BY DENYING THE K.S.A. 60-260 MOTION

S.L. argues on appeal that the district court abused its discretion in two ways: (1) failing to consider the statutory factors for division of property required under K.S.A. 23-2802, and (2) failing to consider the statutory factors when determining parenting time under K.S.A. 23-3203. But as discussed above, our review is limited to the district court's

denial of the K.S.A. 2022 Supp. 60-260(b) motion, although in some respects, this does beg some substantive review of the decree of divorce.

*Legal principles which govern our decision*

"'A ruling on a motion for relief from judgment filed pursuant to K.S.A. 60-260(b) rests within the sound discretion of the [district] court. The [district] court's ruling will not be reversed in the absence of a showing of abuse of discretion.'" *In re Marriage of Johnston*, 54 Kan. App. 2d 516, 521, 402 P.3d 570 (2017) (quoting *In re Marriage of Leedy*, 279 Kan. 311, 314, 109 P.3d 1130 [2005]). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *In re Spradling*, 315 Kan. 552, 590, 509 P.3d 483 (2022).

*S.L. does not meet his burden to show the district court abused its discretion.*

On appeal, S.L. does not argue the district court's decision was based on either an error of law or fact. Therefore, this panel must review whether the district court's decision was arbitrary, fanciful, or unreasonable. 315 Kan. at 590.

In his motion, S.L. asked to be afforded relief from the divorce decree under K.S.A. 2022 Supp. 60-260(b)(1), (3), and (6). These subsections permit relief for: (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud, misrepresentation, or misconduct by an opposing party; or (6) any other reason that justifies relief. K.S.A. 2022 Supp. 60-260(b). S.L. claimed B.L. was not truthful during her testimony regarding the presence of certain livestock and her investments. The remainder of his motion claimed that the district court failed to make a fair, equitable, or just decision of the property, assets, and debts, and argued S.L. should be allowed additional parenting time with the children during the summer. S.L. then asked the court for relief based on its authority

5

under K.S.A. 2022 Supp. 60-260(a)—which only provides relief based on clerical mistakes, oversights, and omissions.

In its denial of S.L.'s motion, the district court found no evidence supporting "a violation of K.S.A. [2022 Supp.] 60-260(b)(1)." For an unexplained reason, the district court cited only (b)(1) and did not provide any further explanation on S.L.'s claims under K.S.A. 2022 Supp. 60-260(b)(3) and (6).

On our review of the district court record, we find S.L.'s motion for relief from judgment was entirely conclusory and provided no grounds on which the district court could provide him relief. The only allegation in his motion which fit under the umbrella of K.S.A. 2022 Supp. 60-260(b) was his allegation of B.L.'s untruthfulness—that is, misconduct or misrepresentation of the opposing party under K.S.A. 2022 Supp. 60-260(b)(3). But aside from his conclusory allegation, S.L. furnished the district court no evidence of such untruthfulness. B.L.'s response to the motion contended the arguments regarding livestock and investments were raised by S.L. during the trial, and S.L. produced no additional evidence to support his allegations of fraud by B.L. A review of the trial transcript supports B.L.'s argument.

S.L.'s motion also presented no argument regarding any mistake or excusable neglect under K.S.A. 2022 Supp. 60-260(b)(1). And his general argument that the district court's divorce decree was unfair as to the division of property and debts and parenting time could, we suppose, be viewed under subsection (b)(6)—"any other reason which justifies relief." K.S.A. 2022 Supp. 60-260(b)(6). But S.L. makes no such argument, and we are not in the business of creating arguments for litigants. See *In re J.D.D.*, 21 Kan. App. 2d 871, 875-76, 908 P.2d 633 (1995) (holding it is not the role of this court to search the record to find evidence in the party's favor); see also *Young v. State*, No. 114,693, 2017 WL 129895, at *4 (Kan. App. 2017) (unpublished opinion) ("This court

has held that it is not proper for the court to make arguments for defendants who fail to argue for themselves.").

On appeal, S.L. offers no explanation whatsoever as to how the district court's decision to deny his motion for relief, specifically, was incorrect or amounted to an abuse of discretion. Instead, he repeats his dissatisfaction with the division of assets and debt and the award of parenting time and claims the district court failed to consider the statutory factors when considering the parties' property division and children.

Not only does S.L. entirely fail to address the primary issue in this appeal—the denial of his K.S.A. 60-260(b) motion—but like in his motion before the district court, S.L. fails to present on appeal any evidence to underscore his claims. As the party claiming an abuse of discretion, he bears the burden to establish such an abuse occurred. *Bicknell v. Kansas Dept. of Revenue*, 315 Kan. 451, 466, 509 P.3d 1211 (2022). But his claims are again conclusory and unsupported by the record on appeal.

As for the district court's determination of the division of the property, S.L. claims the district court's ruling was problematic because it did not assess any value to the property and debts in its filed order and did not specify which evidence the court weighed or relied upon when making its decision. He argues the district court failed to explain which factors under K.S.A. 23-2802(c) ("Division of property") it considered when splitting the couple's property. But S.L. never articulates which factors should be considered or specifically how the district court's determinations were unfair, unjust, or inequitable.

In his complaint regarding parenting time, S.L. asserts that the district court did not weigh or analyze the evidence under K.S.A. 23-3203 ("Factors considered in determination of legal custody, residency and parenting time of a child"), and failed to support its findings under the best interests of the child standard. Because of the lack of

7

findings by the district court, S.L. claims there is nothing for this court to review. But S.L. fails to point this court to which specific factors the district court neglected to consider and how the district court's decision was unreasonable.

Even if the district court's decisions had been legally insufficient, S.L. did not provide this court with the proper avenue—a timely appeal of the decree itself—or adequate evidence with which to conduct a meaningful review. And as the appellant, it is S.L.'s burden to designate a record sufficient to present his points to the appellate court and to establish his claims. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013); Supreme Court Rule 6.02(a)(4) (2024 Kan. S. Ct. R. at 36).

Finally, as mentioned above, we must note the district court's order denying the motion for relief of judgment was incomplete because it only considered K.S.A. 2022 Supp. 60-260(b)(1) and did not address S.L.'s requests for relief under subsections (b)(3) and (b)(6). Again, S.L. does not connect the dots as to which of his allegations entitled him to relief based on which subsections of the statute, aside from stating in his motion that B.L. did not truthfully testify under oath, suggesting K.S.A. 2022 Supp. 60-260(b)(3) may apply. And, as we infer above, his contentions that the district court did not make a fair division of property and debt or reasonable determination of summer parenting time suggest S.L. may be entitled to relief under K.S.A. 2022 Supp. 60-260(b)(6). Yet, on appeal, S.L. offers no argument how the district court violated those subsections. An issue not briefed, or inadequately briefed, is deemed waived or abandoned. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020); *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

In addition to finding S.L.'s arguments lacking, we acknowledge the oft-repeated maxim that if a district court reaches the correct result, its decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015). Although the district court

cited only K.S.A. 2022 Supp. 60-260(b)(1) as a basis for its decision to deny S.L.'s motion for relief from judgment, we find on our review of the record that its decision was correct.

For the preceding reasons, we find a reasonable person could conclude that S.L. was not entitled to relief based on K.S.A. 2022 Supp. 60-260(b)(1), (3), or (6). S.L. has not met his burden to demonstrate the district court abused its discretion when it denied relief based on K.S.A. 2022 Supp. 60-260.

Affirmed in part and dismissed in part.