NOT DESIGNATED FOR PUBLICATION

No. 127,857

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES M. COCHRAN,
*Appellant*,

v.

PAUL SNYDER, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Cowley District Court; CHRISTOPHER E. SMITH, judge. Submitted without oral argument. Opinion filed March 7, 2025. Reversed and remanded with directions.

*James M. Cochran*, appellant pro se.

*Fred W. Phelps, Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellee.

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: James M. Cochran, an inmate at Winfield Correctional Facility (WCF) in Cowley County, Kansas, filed a K.S.A. 60-1501 petition in his county of confinement to allege that the Sedgwick County District Court lacked subject matter jurisdiction at the time it sentenced him in 2013. The Cowley County District Court summarily denied the petition, citing a lack of evidence demonstrating that Cochran suffered any constitutional violations or shocking and intolerable conduct at the hands of prison officials.

1

On appeal, Cochran challenges the district court's failure to analyze the merits of his claim. The substantive issue Cochran raised essentially challenged the validity of his sentence, a matter that cannot be properly litigated through a K.S.A. 60-1501 petition. Rather, such issues must be presented to the district court where the criminal sentence was imposed either through a habeas corpus motion filed under K.S.A. 60-1507 or as an illegal sentence claim under K.S.A. 22-3504. Accordingly, the Cowley County District Court erred in summarily denying Cochran's petition. The appropriate course of action under such circumstances is to dismiss the petition, without prejudice, for failing to state a justiciable claim. For that reason, the decision of the district court is reversed, and Cochran's case is remanded with directions for the district court to enter a ruling in accordance with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Cochran pleaded no contest in Sedgwick County District Court to three counts of rape of a child under 14 years of age committed in December 2010, and he was sentenced to serve a total prison term of 332 months. A panel of this court affirmed on direct appeal, and the Supreme Court denied review. *State v. Cochran*, No. 110,019, 2014 WL 4080162 (Kan. App. 2014) (unpublished opinion).

Several years later, while an inmate at WCF, Cochran commenced the process of exhausting his administrative remedies to address his contention that the Kansas Department of Corrections (KDOC) was holding him on a judgment rendered by a district court without subject matter jurisdiction. Once those steps were complete, Cochran petitioned for habeas relief under K.S.A. 60-1501 in the county of his confinement (Cowley), as required by that provision. Cochran alleged that the Sedgwick County District Court entered findings of guilt for his three rape charges without first ensuring the required element of criminal intent was satisfied, a failure that resulted in his unlawful confinement in prison. He asserted that it was not his intention to lodge an

2

attack against either his conviction or his sentence but to instead demonstrate that the KDOC did not have clear title over him. The Cowley County District Court summarily denied the motion on the grounds that Cochran failed to establish that any constitutional violations occurred or that prison officials subjected him to mistreatment or shocking and intolerable conduct.

Before Cochran received notice that his petition was denied, he pursued a default judgment under K.S.A. 60-255. It was his contention that because Warden Paul Snyder neglected to respond to his petition and the district court similarly failed to respond to his motions and attempts at communication, then he was entitled to relief by default. Cochran mailed the motion on May 3, 2024, and it was file stamped May 14, 2024, but the record does not reflect that the district court ever ruled on the matter.

Once Cochran received notice that his K.S.A. 60-1501 petition was summarily denied, he moved the district court to reconsider its finding. He alleged such relief was warranted because the district court failed to analyze the merits of his claim and, also, because it impermissibly backdated its order. The district court declined to grant Cochran's request.

Cochran now brings his case before this court for a determination of whether the Cowley County District Court erred in summarily denying his petition for habeas relief.

*K.S.A. 60-1501 is not the appropriate avenue by which to litigate the sentencing issue Cochran raised.*

*Jurisdiction*

The first issue we must resolve is a jurisdictional challenge raised by Cochran. After the parties submitted their briefs, Cochran filed a letter pursuant to Supreme Court Rule 6.09 (2024 Kan. S. Ct. R. at 40) asserting that this court must question its own jurisdiction because his motion for default judgment was still outstanding. Therefore, his reasoning goes, the district court's dismissal of his K.S.A. 60-1501 petition was not yet a final judgment as required for this court to have jurisdiction. Under K.S.A. 2024 Supp. 60-2102(a)(4), we have the authority to review "a final decision" of a district court. A final decision disposes of the entirety of both parties' claims. *In re Estate of Butler*, 301 Kan. 385, 395, 343 P.3d 85 (2015).

"Whether appellate jurisdiction exists is a question of law subject to unlimited review." *State v. Jones*, 318 Kan. 600, 601, 545 P.3d 612 (2024).

In his letter, Cochran directed us to *Matson v. State*, No. 126,020, 2024 WL 4100084 (Kan. App. 2024) (unpublished opinion), as support for his position. In that case, Matson petitioned the district court for damages against the State, the WCF Warden, and multiple WCF personnel, alleging violations of his right to free speech under 42 U.S.C. § 1983 and other claims under the Kansas Tort Claims Act. The district court granted the defendants' motion to dismiss on the grounds that Matson's response was untimely under Kansas Supreme Court Rule 133(b) (2024 Kan. S. Ct. R. at 214), which has a seven-day filing deadline for motions to dismiss. On appeal, the *Matson* panel held that under the prison mailbox rule the district court erred in finding Matson's response untimely. 2024 WL 4100084, at *2-3.

Cochran relies on *Matson* to argue that his default motion was effectively filed on May 3, 2024, the date he passed it along to prison officials for mailing. He claims that act predates the summary dismissal order that was file stamped May 6, 2024. We do not reach the issue of the prison mailbox rule because the first step requires us to determine whether K.S.A. 60-255 is even applicable to K.S.A. 60-1501 proceedings, and we conclude that it is not. An inmate's reliance on K.S.A. 60-255 is misplaced. *Mitchell v. McKune*, No. 109,285, 2014 WL 349584, at *3 (Kan. App. 2014) (unpublished opinion). First and foremost, "[p]roceedings on a petition for writ of habeas corpus filed pursuant to K.S.A. 60-1501 are not subject to ordinary rules of civil procedure." *Bankes v. Simmons*, 265 Kan. 341, Syl. ¶ 1, 963 P.2d 412 (1998). Rather, the issue is governed by the legal standards outlined under Article 15 of K.S.A. Chapter 60. *Denney v. Norwood*, 315 Kan. 163, 169, 505 P.3d 730 (2022).

The claims *Matson* asserted and the relief he requested are clearly distinguishable from Cochran's case. Matson pursued a lawsuit seeking civil damages from prison officials and filed a petition that asserted causes of action under 42 U.S.C. § 1983 and other state law tort theories. That is, he did not pursue a claim under K.S.A. 60-1501 et seq. or otherwise endeavor to challenge the conditions of his confinement. While the standard rules of civil procedure provided the appropriate framework for analyzing the defendants' motion to dismiss Matson's civil tort claims, nothing in that case can be interpreted to hold that the same framework applies to Cochran's habeas corpus proceedings.

Thus, given that the motion Cochran relies on as the foundation for his jurisdictional claim is not applicable to his habeas corpus proceeding, there is no barrier impeding our ability to review the district court's decision. Accordingly, we may properly move on to analyze whether the district court erred in ruling on Cochran's K.S.A. 60-1501 petition.

*Standard of review*

"When a district court summarily dismisses a K.S.A. 60-1501 petition based only on the motion, files, and records, appellate courts are in just as good a position as the district court to determine the merits. As a result, an appellate court's review is de novo." *Denney* 315 Kan. 163, Syl. ¶ 7.

*Discussion*

Cochran argues the district court abused its discretion because it ignored his claim that his crimes were committed without criminal intent. Snyder also counters that K.S.A. 60-1501 petitions "are not the proper vehicle to address complaints about the petitioner's criminal conviction/sentence." Snyder implies, without explicitly stating, that given the contents of Cochran's petition, it is better classified as a K.S.A. 60-1507 motion.

To properly state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, it must be alleged that prison officials have subjected a particular inmate to "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition." *Denney*, 315 Kan. at 173. See K.S.A. 2023 Supp. 60-1503(a).

The singular issue Cochran raised in his petition consists of a claim that he is "unlawfully detained and restrained of his liberty." He offered the following foundation for his claim:

> "3. The cause or pretext of Petitioner's unconstitutional detention and restraint is the attempted 332 months the 18th judicial court, in 11 CR 77, subjected petitioner to

without jurisdiction over the subject matter (rape) and a judgement form which fails to state additional true matter (i.e. accidental without required criminal intent).

"4. This detention is unlawful because: Respondent has confined Petitioner on what constitutes no more than a mere attempted 332 month sentence. Petitioner emphasize [*sic*] the word 'attempted' to draw attention to (2) things: 1. Sentence was imposed without jurisdiction: 2. 'A judgement rendered without jurisdiction is void' . . . .

"The court had lost jurisdiction at the point it failed to establish on record 'criminal intent' was involved. At the time of alleged crimes, criminal intent was a required element for any felony. See K.S.A. 2010 Supp. 21-3201."

Petitions filed pursuant to K.S.A. 60-1501 are restricted to those claims which seek to challenge the mode or conditions of an inmate's confinement, including administrative actions carried out by the penal institution. *Denney*, 315 Kan. at 172. When an inmate's grievance arises out of their conviction or sentence, however, the designated avenue of relief is a K.S.A. 60-1507 motion or, in very specific circumstances, a motion to correct an illegal sentence filed under K.S.A. 22-3504. Thus, K.S.A. 60-1501 and K.S.A. 60-1507 meet distinctly different needs and are not interchangeable. *Denney*, 315 Kan. at 172; *Beard v. Maynard*, 223 Kan. 631, 634, 576 P.2d 611 (1978); *White v. Shipman*, 54 Kan. App. 2d 84, 91, 396 P.3d 1250 (2017). "Based on this distinction, a K.S.A. 60-1507 motion *must* be filed in the sentencing court, while a K.S.A. 60-1501 petition *must* be filed in the county of confinement." (Emphases added.) *Denney*, 315 Kan. at 172; see *Anderson v. Anderson*, 214 Kan. 387, 391, 520 P.2d 1239 (1974).

It is without question that Cochran's complaints relate to his convictions and sentence, not to the mode or conditions of his confinement. Accordingly, his complaints could not be litigated under a K.S.A. 60-1501 petition. An inmate relying on K.S.A. 60-1501 as an avenue for relief must assert the deprivation of a constitutional right to properly litigate their claim before the district court. *Chubb v. Sullivan*, 50 Kan. App. 2d 419, 424, 330 P.3d 423 (2014); see *Anderson v. McKune*, 23 Kan. App. 2d 803, 806-07, 937 P.2d 16 (1997).

7

While Cochran is currently incarcerated at a correctional facility in Cowley County, it was the Sedgwick County District Court that imposed the sentence which provides the basis for his attack. Based on the petition's content, the appropriate mechanism for Cochran to employ is K.S.A. 60-1507, or possibly K.S.A. 22-3504, depending on the precise facts and circumstances surrounding his claim. Cochran unsuccessfully sought relief under K.S.A. 60-1507 in Sedgwick County District Court, and we affirmed the denial. *Cochran v. State*, No. 122,091, 2020 WL 6816336, at *1 (Kan. App. 2020) (unpublished opinion). We, therefore, decline to recast what Cochran has plainly presented here as a 60-1501 petition as a successive 60-1507 motion. Because such motions must be filed with the sentencing court, the Cowley County District Court should have ruled Cochran failed to present a claim that could be adjudicated under K.S.A. 60-1501 and should have dismissed his petition for that reason.

We reverse and remand to the Cowley County District Court with directions to dismiss Cochran's petition without prejudice.

Reversed and remanded with directions.