IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,174

STATE OF KANSAS,
*Appellee,*

v.

DEANTE LAPAKA WATLEY JONES,
*Appellant.*

SYLLABUS BY THE COURT

K.S.A. 2022 Supp. 22-3602(a) prohibits most appeals by criminal defendants who plead guilty or nolo contendere except motions attacking a sentence under K.S.A. 60-1507 and its amendments by prisoners in custody. It does not permit direct appeal of a district court's ruling on a self-defense immunity claim under K.S.A. 2022 Supp. 21-5231 when a defendant subsequently pleads guilty or nolo contendere in the same proceeding.

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 6, 2023. Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Oral argument held January 31, 2024. Opinion filed March 29, 2024. Judgment of the Court of Appeals dismissing the appeal is affirmed on the issue subject to review.

*Kai Tate Mann*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Andrew R. Davidson*, deputy district attorney, argued the cause, and *Thomas Stanton*, district attorney, *Derek Schmidt*, former attorney general, and *Kris W. Kobach*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

1

BILES, J.:  Deante Lapaka Watley Jones pled guilty to two counts of aggravated battery after the district court rejected his self-defense immunity claim. He appeals, arguing the district court was wrong to reject his self-defense argument. A Court of Appeals panel dismissed the appeal after concluding it lacked appellate jurisdiction because of his guilty plea. *State v. Jones*, No. 124,174, 2023 WL 119911, at *2-3 (Kan. App. 2023) (unpublished opinion). On review, we agree with the panel.

FACTUAL AND PROCEDURAL BACKGROUND

Jones shot two people during a confrontation. The State charged him with two felony counts of aggravated battery. Jones sought to dismiss the charges based on self-defense immunity. The district court rejected his argument after an evidentiary hearing. He eventually pled guilty to those two counts.

After sentencing, Jones appealed, raising two issues:  whether the court erred in denying his self-defense claim, and whether the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., violates the compelled speech doctrine under the First Amendment to the United States Constitution. The panel dismissed the first issue for lack of appellate jurisdiction and declined to reach the second claim as unpreserved. *Jones*, 2023 WL 119911, at *6.

Unsatisfied, Jones sought review from this court, which we granted on the first issue only. Our jurisdiction is proper. K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

2

Jones argues the panel had jurisdiction to consider the district court's denial of his immunity claim, even though he later pled guilty. Whether appellate jurisdiction exists is a question of law subject to unlimited review. *State v. Clark*, 313 Kan. 556, 560, 486 P.3d 591 (2021). Similarly, statutory interpretation presents a question of law subject to unlimited review. *State v. Newman-Caddell*, 317 Kan. 251, 259, 527 P.3d 911 (2023).

*Discussion*

K.S.A. 2022 Supp. 22-3602(a) prohibits most appeals by defendants who plead guilty or nolo contendere "*except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto*." (Emphasis added.) Jones argues his appeal falls within this jurisdictional exception. He claims the district court lost its authority to accept his plea because it wrongfully denied his self-defense immunity motion. See K.S.A. 2022 Supp. 21-5231. His logic seems to require an appellate court to affirm such a denial before a district court can continue with the case or accept a plea. We disagree.

In *State v. Smith*, 311 Kan. 109, 456 P.3d 1004 (2020), the court rejected a somewhat similar claim when the defendant pled guilty to refusing to submit to an alcohol or drug test and driving while a habitual violator. There, the defendant's plea came after the district court rejected his constitutional challenge to the statute criminalizing test refusal. He appealed the convictions, arguing the court did not have jurisdiction to convict him under an unconstitutional statute. A Court of Appeals panel declined to consider this claim finding it lacked appellate jurisdiction. The *Smith* court affirmed the panel, stating that K.S.A. 2022 Supp. 22-3602(a)'s language generally prohibits appeals from pleas but allows prisoners in custody to still file motions under

K.S.A. 60-1507. 311 Kan. at 121-22. It held permitting appellate jurisdiction over any "jurisdictional or other grounds going to the legality of the proceedings" would make it too easy to evade the statutory prohibition against appeals after a guilty plea. 311 Kan. at 114.

Similarly, Jones was convicted after he pled guilty, and now he directly appeals from his convictions. *Smith*'s interpretation of K.S.A. 2022 Supp. 22-3602(a) controls. We do not have appellate jurisdiction to review the merits of his claim.

Judgment of the Court of Appeals dismissing the appeal is affirmed on the issue subject to review.