NOT DESIGNATED FOR PUBLICATION

No. 126,332

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRELL ELLIOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Submitted without oral argument. Opinion filed May 10, 2024. Appeal dismissed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., GREEN, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Terrell Elliott appeals the requirement that he register under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., arguing that KORA is unconstitutional because it compels speech. Because Elliott failed to preserve his issue for appeal, we dismiss his appeal.

FACTS

Elliott pleaded guilty to a severity level 2 drug felony and was ordered to serve a presumptive prison sentence of 123 months (10 years, 3 months). The district court also ordered Elliott to register as a drug offender.

Elliott timely appeals.

ANALYSIS

*Does KORA violate the United States and Kansas Constitutions?*

Elliott argues that the obligation to register as a drug offender under KORA violates his right to be free from compulsion to speak at the government's behest. He cites the First Amendment to the United States Constitution and section 11 of the Kansas Constitution Bill of Rights as support for his argument. Because Elliott raises this issue for the first time on appeal, we decline to address the issue.

Several appellants have raised similar First Amendment challenges to KORA, leading this court to repeatedly decline to review the issue for the first time on appeal. See *State v. Spilman*, 63 Kan. App. 2d 550, 574-75, 534 P.3d 583 (2023). Generally, issues not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). In *State v. Pearson*, No. 125,033, 2023 WL 2194306 (Kan. App. 2023) (unpublished opinion), *rev. denied* 318 Kan. __ (March 21, 2024), this court articulated a compelling reason for refraining from addressing the issue for the first time on appeal:

> "Identifying the compelling governmental interests KORA is meant to protect and then determining whether it is sufficiently narrowly tailored to serve those interests involves examining a host of issues best explored first at the district court level.

Analyzing the proportionality of KORA requires an in-depth balancing of its benefits and costs, along with exploring potential alternatives to achieving those benefits and the accompanying costs and anticipated effectiveness of those alternatives. It may even involve evaluating KORA's effectiveness in protecting the compelling governmental interests it is meant to serve, which could involve the presentation of evidence and fact-finding. And '[f]act-finding is simply not the role of the appellate courts.' [Citations omitted.]" *Pearson*, 2023 WL 2194306, at *1.

The fact-finding mentioned in *Pearson* is doubly important, given that this court has also declined to review this argument while noting that it has obvious weak legal support: "Because Masterson raises this issue for the first time on appeal, we need not address this issue. . . . Nevertheless, *if we were to address this issue*, it is legally and fatally flawed." (Emphasis added.) *State v. Masterson*, No. 124,257, 2022 WL 3692859, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 316 Kan. 762 (2022). The *Masterson* court noted that the most persuasive legal authority came from federal courts upholding the Sex Offender Registration and Notification Act, the federal equivalent to KORA. See *United States v. Fox*, 286 F. Supp. 3d 1219, 1221-24 (D. Kan. 2018). And KORA itself survived a compelled speech challenge in federal court. *Davis v. Thompson*, No. 19-3051-SAC, 2019 WL 6327420, at *3 (D. Kan. 2019) (unpublished opinion).

Laws that compel speech are constitutional only if they can survive strict scrutiny. See *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 642, 114 S. Ct. 2445, 129 L. Ed. 2d 497 (1994). Strict scrutiny would require the State to show that a compelling government interest justifies restricting Elliott's First Amendment rights, and that the restriction is narrowly tailored to achieve that interest. See *Hodes & Nauser, MDs v. Schmidt*, 309 Kan. 610, 680, 440 P.3d 461 (2019). But, as the *Pearson* court said, questions of government interest and of narrow tailoring necessarily involve fact-finding. 2023 WL 2194306, at *1. Those considerations require the development of facts outside our appellate record. See *Spilman*, 63 Kan. App. 2d at 576.

3

Elliott cites *Masterson* to argue that this court should not follow it. Elliott notes that *Masterson* is not binding and argues that this court should not be persuaded by its reasoning. Elliott argues that the federal cases cited in *Masterson* are weak authority because they do not sufficiently analyze offender registries in general and KORA especially. But *Masterson* illustrates only the point expressed in *Spilman* that fact-finding is necessary. The *Masterson* court acknowledged that, thus far, persuasive authority weighs against holding that KORA is compelled speech and, even further, unconstitutional compelled speech. See *State v. Jones*, No. 124,174, 2023 WL 119911, at *5-6 (Kan. App. 2023) (unpublished opinion) (holding that Jones asserted "no novel arguments" to urge a different outcome from *Masterson*), *aff'd on other grounds* 318 Kan. 600, 545 P.3d 612 (2024). In other words, the legal arguments so far, whether considered weak or strong, are against Elliott's position that KORA is unconstitutional compelled speech.

To overcome this starting position, Elliott would need to have raised it with the district court to allow for the kind of fact-finding described in *Spilman*. See 63 Kan. App. 2d at 576. The claims analyzed by the *Spilman* court differ slightly from the claims Elliott presents here. Spilman argued that KORA violated two provisions of the United States Constitution:  It compels speech in violation of the First Amendment and treats offenders differently in violation of the Equal Protection Clause of the Fourteenth Amendment. But Elliott argues one issue under two Constitutions—that compelled speech violates the First Amendment to the United States Constitution and section 11 of the Kansas Constitution Bill of Rights. Just as in *Spilman*, this court cannot analyze Elliott's First Amendment claim without additional district court fact-finding and, mutatis mutandis, the same is true for his section 11 claim. While our Supreme Court has the right to interpret our Kansas Constitution in a manner different from how the United States Constitution has been construed, it has not traditionally done so. See *State v. Carr*, 300 Kan. 1, 56, 331 P.3d 544 (2014); see also *State v. Lawson*, 296 Kan. 1084, 1091, 297 P.3d 1164 (2013) (noting that Kansas has generally interpreted its state constitutional provisions identically with

4

their federal counterparts); but see *Hodes & Nauser*, 309 Kan. at 624. Because Elliott raises this issue for the first time on appeal, the important step of preserving and fully litigating the argument has not been done. Thus, we decline to address Elliott's argument for the first time on appeal.

For the preceding reasons, we dismiss this appeal.

Appeal dismissed.